**Richard COZAD, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. H 81–126.**

United States District Court, N.D. Indiana, Hammond Division.

June 16, 1989.

---

Charles F. Marlowe, Hammond, Ind., for plaintiff.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

The matter before the court is an action brought pursuant to 42 U.S.C. § 405(g) for judicial review of the Secretary's final decision denying the plaintiff's claim for Social Security Disability benefits, 42 U.S.C. §§ 416(i), 423 and for Supplemental Security Income benefits, 42 U.S.C. § 1382 *et seq.* The plaintiff, Richard Cozad, filed applications for benefits on October 27, 1978 and June 4, 1979, alleging a disability onset date of September 14, 1978, resulting from various medical problems, including three heart attacks in 1971, an ulcer removed in 1973, back surgery in 1966, broken jaw bone surgery in 1977 and internal bleeding at the time of the applications. His applications were denied initially and on reconsideration. Plaintiff's requested hearing was held on August 12, 1980, and in a decision dated October 15, 1980, plaintiff

was found to be not disabled. The Appeals Council refused to review that decision, and the plaintiff appealed to this court. On February 28, 1985, Judge Kanne ordered the case remanded with instructions for the Secretary to further investigate and evaluate the plaintiff's complaints of pain as they affected the issue of his disability. On remand, the Administrative Law Judge (ALJ) concluded that plaintiff was not disabled at any time after the beginning of 1983 because he had been engaging in substantial gainful activity. The ALJ also concluded that, during the period from September 14, 1978 through December 31, 1982, plaintiff was capable of performing a full range of light work. Therefore, Rule 202.17 of the Grid directed the conclusion that plaintiff was not disabled during that time period. The Appeals Council adopted the ALJ's recommended decision as the final decision of the Secretary on April 15, 1986. A report of the findings of the Appeals Council was filed in this court by the Secretary on July 11, 1986. Cross-motions for summary judgment were filed by plaintiff and Secretary soon thereafter. The cause was assigned to Judge Lozano in April of 1988. The cause was reassigned to the undersigned judge on April 3, 1989.

On remand the ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on September 14, 1978, the date the claimant stated he became unable to work, and continued to meet them through December 31, 1982.

2. The claimant did not engage in substantial gainful activity during the period of September 14, 1978 through December 31, 1982. However, beginning in 1983, and continuing through the present, the claimant has been engaging in substantial gainful activity, and therefore, was not disabled at any time after December 31, 1982 (20 CFR 404.1520(b) and 416.-920(b)).

3. The medical evidence establishes that the claimant is status post an intra mural posterior wall myocardial infarction, is status post a gastrectomy and Billroth II

procedure for peptic ulcer disease, is status post an L4–L5 laminectomy and disc excission, is status post a fracture of the right zygomatic arch, and is status post a single episode of acute anemia, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations concerning his symptoms and functional restrictions were not credible.

5. The claimant had the residual functional capacity to perform the physical exertion requirements of work except for work involving lifting and carrying in excess of 20 pounds. There are no non-exertional limitations (20 CFR 404.1545 and 416.945).

6. The claimant is unable to perform his past relevant work as a welder.

7. The claimant had the residual functional capacity to perform the full range of light work (20 CFR 404.1567 and 416.-967).

8. The claimant is 43 years old, which is defined as a younger individual (20 CFR 404.1563 and 416.963).

9. The claimant has a marginal education (20 CFR 404.1564 and 416.964).

10. The claimant has a history of doing only unskilled work.

11. Section 404.1569 of Regulations No. 4 and section 416.969 of Regulations No. 16, and Rule 202.17, Table No. 2 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(b), (f) and 416.-920(b)(f)).

The central issue in this case is whether substantial evidence supports the ALJ's conclusion on remand that plaintiff is not entitled to a period of disability or disability insurance benefits. Plaintiff contends in his "Motion for Summary Judgment" that the ALJ's finding that plaintiff's subjective complaints are not credible is not based on substantial evidence and that the ALJ erred in not placing greater weight upon the opinion of plaintiff's treating physician. The Secretary, in his "Motion for Summary Judgment" claims that the ALJ properly discounted both plaintiff's allegations of disabling pain and the report of plaintiff's treating physician. For reasons set forth below, this court agrees with the Secretary that substantial evidence supports the ALJ's conclusion that plaintiff's subjective testimony as to his pain was not credible and the report of the treating physician was not entitled to great weight in light of all the other medical evidence on record.

## I.

The Seventh Circuit has issued several important opinions regarding the consideration of subjective complaints of pain by a claimant since the 1984 amendment to the Social Security Act, codified at 42 U.S.C. § 423(d)(5)(A), which is set forth in relevant part below:

(5)(A) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms estab-

lished by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability. . . .

Those opinions have found basically that this section requires that objective evidence of pain must be presented and considered but such evidence does not mandate a finding of disability. *See, e.g., Walker v. Bowen*, 834 F.2d 635 (7th Cir.1987); *Veal v. Bowen*, 833 F.2d 693 (7th Cir.1987); *Meredith v. Bowen*, 833 F.2d 650 (7th Cir.1987); *Sparks v. Bowen*, 807 F.2d 616 (7th Cir. 1986). *See also, Baker v. Bowen*, 680 F.Supp. 304 (N.D.Ind.1988). A claimant may prove disability by subjective complaints if he shows: (1) evidence of an objectively adduced abnormality and either (2) objective medical evidence supporting the subjective complaints arising from that abnormality or (3) that the abnormality is of a nature in which it is reasonable to conclude that the subjective complaints are a result of that condition. *Veal*, 833 F.2d at 698; *Sparks*, 807 F.2d at 618.

Judge Kanne remanded this case because he found that the ALJ erred by not giving proper weight to plaintiff's subjective complaints of pain. He stated that there was no question that plaintiff's primary impairment was pain and it was error for the ALJ to rely on the residual capacity forms filled out by two consultative examiners since they did not take into consideration such nonexertional restrictions as pain in making their assessment. Judge Kanne suggested that on remand the ALJ should evaluate plaintiff's subjective complaints of pain under factors listed in *Duncan v. Harris*, 518 F.Supp. 751 (D.Ark.1980). A review of the ALJ's decision on remand shows that he complied with Judge Kanne's order. He provided a more than adequate articulation of the record and of his reasoning with regard to plaintiff's subjective complaints of pain. The decision included a detailed list of inconsistencies which lead to the conclusion that plaintiff's testimony with regards to his pain was simply not credible. For instance, at his first hearing in August, 1980, plaintiff tes-

tified that he had experienced chest pain only three times in the previous two years. However, plaintiff had reported to both consultative examiners in 1979 that he experienced weekly episodes of severe chest pain which had plagued him for the preceding eight years. In addition, plaintiff's description of his pain varied. In January, 1979 plaintiff said that his pain was precipitated by exertion and emotional upset, and that it lasted only three to four minutes. In November, 1979, however, plaintiff said that his pain was not particularly precipitated by exertion and that it was not relieved by rest. In addition, plaintiff said at that time that it could last anywhere from a few minutes to hours. At his most recent hearing, plaintiff testified that his chest pain was precipitated by stress and relieved by rest. Underlying these inconsistencies was the fact that there was no evidence of myocardial ischemia likely to cause chest pain.

The ALJ also found inconsistencies in plaintiff's testimony regarding his lower back pain. During his first hearing in 1980, plaintiff testified that he could not work because of lower back pain which he described as a morning soreness which was resolved with twenty minutes of walking.

Plaintiff then went on to say, however, that he could not walk over three blocks or stand for more than twenty minutes because of numbness in his legs. In addition, plaintiff stated at his second hearing in 1985 that his back was not better than it was in 1980 or following his 1966 surgery—despite the fact that plaintiff told Dr. Byers in 1979 that his pain had considerably improved since his laminectomy in 1966 and that it was only worse when he was subjected to serious stress. Moreover, as was the case with plaintiff's chest pain, there was no objective medical evidence to corroborate plaintiff's allegations. The ALJ also found inconsistencies in plaintiff's testimony pertaining to his stomach problems, and plaintiff himself testified that they were not as bad as they used to be.

The ALJ also felt that plaintiff's allegations of disabling pain were contradicted by his work activities. While plaintiff testi-

fied in June, 1985 that his condition was currently the same or worse than it had been throughout the entire relevant period, plaintiff also testified that he had returned to work in June, 1983. Plaintiff testified that he pumped gas for eight months at a service station in Florida, that he did general cleaning for nine months at a truck stop in the Chicago area, and that at the time of his second hearing he had been working for four months in a supervisory position at a gas station in California. Moreover, these jobs would be classified as at least light work as defined at 20 C.F.R. §§ 404.1567(b) and 416.967)(b), in that plaintiff described these jobs as requiring walking and standing throughout the day.

In addition, the ALJ found plaintiff's testimony not to be credible because plaintiff testified that he had not received any consistent course of medical treatment since 1980. While plaintiff testified that this was because he could not afford such treatment, the ALJ noted that plaintiff had been working steadily in the two years prior to his second hearing. Furthermore, the ALJ was influenced by the fact that plaintiff did not take any prescription medications whatsoever.

In light of the lack of objective evidence showing that plaintiff should suffer from disabling pain, as well as his own testimony concerning his work activities, substantial evidence supported the ALJ's finding that plaintiff could perform light work despite any pain or discomfort he might suffer in the process.

## II.

█ Plaintiff also contends that the reports of Dr. Manley, plaintiff's treating physician, were improperly discounted by the ALJ. In October of 1978, Dr. Manley wrote a brief note indicating that the claimant was totally disabled. In April, 1980, Dr. Manley wrote a letter stating claimant was totally disabled. He noted the claimant suffered from low back strain, peptic ulcer disease, and a heart impairment resulting in occasional chest pain. He noted that the ulcer was treated with Bentyl, 20

milligrams four times a day, a bland diet, and antacids.

Dr. Manley furnished another report in July of 1980 again indicating that the claimant was totally disabled due to anemia and peptic ulcer disease.

The ALJ discounted the three reports from Dr. Manley because of inconsistencies and substantial evidence on the record which contradicted the reports. For example, in the April, 1980 report, Dr. Manley reported that plaintiff suffered from heart disease from occasional chest pain. However, the medical evidence from that time showed that plaintiff had no residual myocardial ischemia and had an excellent exercise tolerance. Dr. Manley also reported in the July, 1980 report that plaintiff was disabled because of anemia. Yet, the evidence showed that as early as January, 1979, plaintiff was no longer anemic and that the situation did not recur. The ALJ further noted that Dr. Manley stated that plaintiff was disabled because of lower back strain. However, the ALJ found it interesting that Dr. Manley did not show plaintiff as taking any medication for this condition. The ALJ found that the reports themselves were inconsistent. For example, in the April, 1980 report, Dr. Manley alleged that plaintiff was disabled because of heart disease, ulcer disease and low back strain. In the July, 1980 report, however, Dr. Manley stated that plaintiff was disabled only because of ulcer disease and anemia. Consultative reports by Dr. Byers and Dr. Glowniak provided evidence that plaintiff could perform the exertional requirements of light work, thereby contradicting Dr. Manley's finding of total disability. Although normally a treating physician's reports are entitled to great weight, *Allen v. Weinberger,* 552 F.2d 781 (7th Cir.1977), this circuit has recognized that the treating physician's conclusions do not always outweigh those of the consulting physicians. *Walker v. Bowen,* 834 F.2d 635, 644 (7th Cir.1987). In *Walker,* Judge Ripple noted that consulting physicians may in fact be *more* credible than treating physicians who may want to do a favor for a friend and client. The consulting physicians may also be more impartial. *Id.* The

ALJ must decide how to weigh these competing considerations. *Id.* In the case now before this court, the ALJ concluded that Dr. Manley was shading his opinion to help a patient get benefits. In light of all the evidence, this court cannot conclude otherwise.

Having found that substantial evidence supports the ALJ's decision in this case, the plaintiff's Motion for Summary Judgment is DENIED, and the Secretary's Motion for Summary Judgment is GRANTED. The final decision of the Secretary is AFFIRMED. IT IS SO ORDERED.