James E. MARTIN, Sr., Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. IP 89–1011–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 23, 1990.

Jeffery C. Burris, Burris Burris & Margerum, Indianapolis, Ind., for plaintiff.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for defendant.

## ORDER ON APPEAL OF SECRETARY'S DENIAL OF BENEFITS

McKINNEY, District Judge.

This social security appeal is before the Court on the complaint of the plaintiff for review of the Secretary's denial of disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act (Act). 42 U.S.C. § 405(g). The issues raised have been briefed and are ready for resolution. As set forth, the Court REVERSES the Secretary's denial of benefits and REMANDS for further proceedings consistent with this Order.

1. A TENS (transcutaneous nerve stimulator) unit is an electrical device for the control of

## I. PROCEDURAL AND FACTUAL BACKGROUND

James E. Martin, Sr. was born on March 8, 1942, and has a high school education. His relevant work history includes work as a heavy equipment mechanic and welder, a bartender, and as a manager/mechanic for a taxi cab company. Martin has not engaged in substantial gainful employment since July 30, 1985.

In September 1985, Martin was diagnosed as having systemic lupus erythematosus ("lupus"). He complains of joint pain in his hands, arms, and also around his heart and lungs. Martin has used a TENS[1] unit daily since January 1988 to minimize his pain. He has difficulty breathing and complains of fatigue. Martin spends most of his time watching television and resting. He is unable to do any cooking, cleaning, bedmaking, laundry, or grocery shopping. Martin also complains of depression and an inability to deal with people.

The claimant filed his application for disability on April 23, 1987, alleging he became disabled on July 30, 1985. The application was denied initially and again upon reconsideration by the Social Security Administration. Martin then requested a hearing before an Administrative Law Judge. A hearing was held before ALJ John C. Castelli on August 24, 1988, and the claimant appeared in person and was represented by counsel. Also present at the hearing were Dr. Richard B. Kohler, who testified as a medical advisor, and Theresa Martin, the claimant's wife.

At the hearing, the claimant's wife testified that since being diagnosed as having lupus, Martin's personality has changed dramatically and he prefers to avoid people. At times, he gasps for breath and is unable to mow the yard. Frequently he is in pain, fatigued, and has difficulty remembering things and has difficulty sleeping.

Dr. Kohler testified that the claimant's basis impairment was reasonably established as lupus although the diagnosis had

pain by blocking pain impulses traveling up the spinal cord.

not been definitely established according to the criteria of the American Rheumatoligical Association. As a result of his lupus, Martin's lungs and joints were affected. In August 1985 and 1986, Martin had a flare-up of his lupus which affected his lungs. In August 1985, his vital capacity was 2.5 liters or approximately 50–55 percent of normal. As such, he did not meet the criteria enumerated in Section 3.02 A, Appendix 1, Subpart P, Regulations Number 4. Although blood gas studies in August 1985 and 1986 indicated that he did meet the criteria of Section 3.02 C 1, Appendix 1, Subpart P, Regulations Number 4, this study was performed during an acute flare.

With regard to Martin's joint problem, Dr. Kohler stated there was no radiological evidence of any joint change and no objective evidence of inflammation such as redness, increased warmth, swelling, or loss of motion. Dr. Kohler noted that 10–20 percent of lupus patients do experience joint pain without visible signs of inflammation, but usually the joint pain responds to treatment. The fact that Martin's joint pain remained so difficult to control was atypical but, nonetheless, his joint pain could still be associated with his lupus.

Dr. Kohler also testified that Martin has a depressive disorder. Dr. Kohler indicated that it was not uncommon to find people with lupus to be depressed to various degrees. This depression would further reduce Martin's ability to perform even sedentary work activity. His depression would make it difficult for him to cope with stress and Dr. Kohler noted the claimant had been prescribed Amitriptyline in April 1987. Dr. Kohler also testified that depression can exacerbate an individual's perception of pain.

On August 30, 1988, the ALJ concluded that Martin was disabled as of March 1, 1987. The ALJ stated that the combination of joint and lung problems, together with his depression, rendered Martin incapable of performing any type of substantial gainful employment after March 1, 1987. Additionally, the ALJ held that the claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations Number 4.

After being granted disability status, Martin appealed to the Appeals Council seeking an earlier onset date. The Appeals Council reversed the ALJ's decision and denied disability status on July 12, 1989. On September 13, 1989, Martin instituted this action under 42 U.S.C. § 405(g) for judicial review of the Secretary's final decision.

## II. THE SECRETARY'S DECISION

■ The Act defines disability as an inability to engage in substantial gainful activity due to a medically determinable impairment which can be expected to last for 12 continuous months. 42 U.S.C. § 1382c(a)(3)(A). A claimant will be disabled only if his impairments are of such severity that he is both unable to do his previous work, and cannot, given his age, education and work experience, do any other substantial gainful work existing in the national economy, notwithstanding the availability of such work, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). The Act, unlike a worker's compensation system, does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir.1985).

The Secretary is required to use the following five-step sequential procedure for evaluating plaintiff's claims:

1. If the claimant is doing substantial gainful activity, he is not disabled;
2. If the claimant does not have a severe impairment, he is not disabled;
3. If the claimant has an impairment or combination of impairments which is found on the Listings or is equal to a listed impairment, he is disabled;
4. If the claimant's residual functional capacity allows him to perform work he has done in the past, he is not disabled;
5. If the claimant cannot, in view of his residual functional capacity and his

age, education, and past work experience, perform other work in the national economy, he is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Secretary made a Step 5 determination that because Martin has the residual functional capacity for at least sedentary work, other jobs exist in significant numbers in the national economy which the claimant can perform consistent with his impairments.

In making this determination, the Appeals Council considered the entire record, including the oral testimony given at the hearing. Letters from claimant's attorney, a letter from the ALJ, office notes of Dr. Kopp, and a report from Dr. Ventry have been added to the record subsequent to the ALJ's determination.

The Appeals Council concluded that the record did not support a finding that the claimant's joints were significantly impaired because Martin had a full range of motion with no swelling, erythema, or increased warmth in the joint area. The Appeals Council discounted the diagnosis of lupus because other diagnoses were also possible. In view of its finding of a lack of a single diagnosis or other objective indications, the Appeals Council regarded Martin's contentions of pain as not credible.

With regard to the claimant's respiratory problem, the Appeals Council agreed with the ALJ that the claimant does not have an impairment listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations Number 4. Additionally, the Appeals Council held that the evidence does not support the claimant's contentions that he had difficulty breathing, was easily fatigued and took two or three naps a day.

In addressing Martin's depression, the Appeals Council found that the record contained no findings regarding a mental impairment until Martin began seeing Malcolm Jackson, Ph.D., a psychologist, after his insured status had run. Thus, the Appeals Council held that the ALJ wrongly considered Martin to be mentally impaired.

### III. GENERAL STANDARDS OF REVIEW

■ The district court's function on review of the Secretary's findings is to determine whether the record as a whole supports the decision. 42 U.S.C. § 405(g); *Burnett v. Bowen,* 830 F.2d 731, 734 (7th Cir.1987). If the Secretary's findings are supported by substantial evidence in the record, the Court must affirm unless there has been an error of law. *Waite v. Bowen,* 819 F.2d 1356, 1360 (7th Cir.1987). Substantial evidence is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Burnett,* 830 F.2d at 734. Although courts cannot interject their own judgment for that of the Secretary, they "must not simply rubber stamp his decision in the absence of a critical review of the evidence." *Veal v. Bowen,* 833 F.2d 693, 696 (7th Cir.1987). Therefore, plaintiff's proof must show that no reasonable person, based on the record as a whole, could have found as the Secretary did.

■ The burden to prove disability is on the claimant through Step 4. 42 U.S.C. § 423(d); *McNeil v. Califano,* 614 F.2d 142, 145 (7th Cir.1980). However, the burden of proof is on the Secretary at Step 5, where the ALJ considers whether the claimant can do other work in light of his age, education, and past work experience. *McNeil,* 614 F.2d at 145; *Steward v. Bowen,* 858 F.2d 1295, 1297 n. 2 (7th Cir.1988). This burden shifting at Step 5 is not statutory, "but is a long-standing judicial gloss on the Social Security Act." *Walker v. Bowen,* 834 F.2d 635, 640 n. 3 (7th Cir. 1987).

■ The substantial evidence standard "asks only whether substantial evidence exists to support the conclusion made below." *Farrell v. Sullivan,* 878 F.2d 985, 990 (7th Cir.1989). Even if this case could have gone either way, neither the Seventh Circuit nor the District Court has the power to reweigh the evidence presented below. *Id.* The question is whether the ALJ's decision was supported by substantial evidence. The courts are not to reweigh the evidence presented at the hearing and will not determine whether the

claimant was actually disabled. *Stuckey v. Sullivan*, 881 F.2d 506 (7th Cir.1989).

 However, even with this deferential standard of review, the Secretary's decision must be "based on consideration of all relevant evidence and the reasons for his conclusions must be stated on a manner sufficient to permit an informed review." *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir.1984). An ALJ cannot "select only the evidence that favors his ultimate conclusion" or isolate parts of a continuous record. *Garfield*, 732 F.2d at 609. Thus, an ALJ's decision must be "based upon a 'fair and impartial presentation of all the medical evidence that is credible, supported by clinical findings, and relevant to the particular issue.'" *Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir.1986) (quoting *Zalewski v. Heckler*, 760 F.2d 160, 163 (7th Cir. 1985)). Although a written evaluation of every piece of testimony and evidence is not required, the Secretary must articulate at some minimum level his analysis of the evidence in cases in which considerable evidence is presented to counter the agency's position. *Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir.1985). If there is substantial uncontroverted evidence in the record contradicting the Secretary's conclusions, which the Secretary does not discuss, the district court should remand. *Stephens v. Heckler*, 766 F.2d 284 (7th Cir.1985).

## IV. DISCUSSION

Although the claimant has raised several issues in his brief, the Court has categorized the issues as evidence of pain and evidence of mental impairment. Because of the resolution of the above issues, the Court need not reach the issue of the Appeals Council's use of the vocational grid as a substitute for expert vocational evidence.

### A. Substantial Evidence of Pain

 The central issue of the complaint is whether the Secretary erred in rejecting the claimant's testimony of disabling pain. If Martin's subjective complaints of pain is believed, then disability would seem to follow. However, if Martin's complaints are found to not be credible, Martin would not be disabled. The issue of subjective evidence of pain invokes two related lines of analysis: credibility determinations and evaluations of pain.

 The Secretary's credibility findings must be upheld unless they are "patently wrong in view of the cold record." *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986); *Stuckey v. Sullivan*, 881 F.2d 506 (7th Cir.1989). The Secretary can properly reject plaintiff's own testimony as not credible where such testimony was not supported by objective medical evidence. *Imani*, 797 F.2d at 512. The question in this case, then, is whether the plaintiff's complaint of disabling pain was supported by objective medical evidence.

The pain issue in social security cases is not new, for courts and commentators have wrestled with the matter on many occasions. *See Walker v. Bowen*, 834 F.2d 635 (7th Cir.1987); *Veal v. Bowen*, 833 F.2d 693 (7th Cir.1987); *Meredith v. Bowen*, 833 F.2d 650 (7th Cir.1987); *Cozad v. Sullivan*, 715 F.Supp. 237 (N.D.Ind.1989); Ruppert, *Developments in Social Security Law*, 22 Ind.L.Rev. 401 (1989) (noting that Seventh Circuit remains strict on requiring objective medical evidence). A concise summary of the Seventh Circuit's stand on pain in disability cases was recently provided by Judge Sharp of the Northern District of Indiana in *Cozad v. Sullivan*, wherein he wrote:

> A claimant may prove disability by subjective complaints if he shows: (1) evidence of an objectively adduced abnormality and either (2) objective medical evidence supporting the subjective complaints arising from that abnormality or (3) that the abnormality is of a nature in which it is reasonable to conclude that the subjective complaints are a result of the condition.

715 F.Supp. at 240. Thus, a claim of pain may be discounted if it is not borne out by objective medical evidence. *Walker v. Bowen*, 834 F.2d 635 (7th Cir.1987).

As a result of this burden, one local commentator has written that the "social security disability practitioner residing in

the Seventh Circuit must carefully evaluate a claimant's allegations of disabling pain and meticulously gather objective medical evidence establishing abnormalities; then, with the aid of medical treatises and opinions, draw a connection between the abnormality and the pain alleged." Ruppert, *Developments in Social Security Law*, 22 Ind.L.Rev. 401, 417 (1989).

Even though recent Seventh Circuit cases can be read to essentially eliminate subjective evidence of pain, this reading goes too far. Objective evidence cannot prove or disprove a specific level of pain. Additionally, such a construction would be contrary to the statutory mandate requiring consideration of all evidence of pain, including statements of the individual or his physician about the intensity and persistence of pain. 42 U.S.C. § 423(d)(5)(A). Thus, if there is objective medical evidence supporting the claimant's subjective complaints, the Secretary must specifically conclude that the claimant's testimony is not credible based upon articulated reasons. *Walker v. Bowen*, 834 F.2d 635 (7th Cir.1987); *Zblewski v. Schweiker*, 732 F.2d 75 (7th Cir.1984). Similarly, when a physician finds that there is a medical condition that could be reasonably expected to produce pain, the Secretary may be bound to accept the claimant's testimony if the testimony is supported by medical evidence and absent other signs of lack of credibility. 20 C.F.R. §§ 404.1529, 416.929.

In this case, the Appeals Council concluded that the record did not support a finding that the claimant's joints were significantly impaired because Martin had a full range of motion with no swelling, erythema, or increased warmth in the joint area. The Appeals Council discounted the diagnosis of lupus because other diagnoses were also possible. In view of its finding of a lack of a single diagnosis or other objectively adduced abnormality, the Appeals Council correctly regarded *Martin's* contentions of pain as not credible. However, this finding of a lack of an objectively adduced abnormality is in error.

The record indicates that Martin suffers from lupus. Doctors Reihman and Kopp diagnosed Martin as having lupus. Additionally, the ALJ's medical advisor, Dr. Kohler, stated that the claimant's basis impairment was reasonably established to be lupus. The record is completely void of a doctor challenging the diagnosis of lupus. Thus, the Appeals Council incorrectly found a lack of an abnormality.

Next, in order to prove disability due to pain, Martin must show objective medical evidence supporting the subjective complaints arising from that abnormality. The ALJ's own medical advisor has done this. Doctor Kohler stated that "[l]upus patients may develop joint pains ... that are not accompanied by inflammatory changes." Doctor Kohler expressly stated that lupus is a medical impairment that results from physical abnormalities reasonably expected to produce pain. Again, no where in the record is there any objective evidence that lupus does not cause pain. Thus, there is objective evidence supporting Martin's subjective complaints.

The Secretary has failed to specify why Martin's testimony was not credible. The Secretary stated, "The claimant's contentions are not credible to the extent alleged." This conclusive statement is inadequate for meaningful review. *Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir.1985). Even though the Secretary's credibility finding should not be disturbed unless it is "patently wrong in view of the cold record," *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986), the Secretary must explain the basis for his finding. Because there is substantial uncontroverted evidence in the record contradicting the Secretary's conclusions, which the Secretary does not discuss, the case is remanded for further elaboration as to the level of pain. *Stephens v. Heckler*, 766 F.2d 284 (7th Cir.1985). After the level of pain is determined, a vocational expert must determine whether this level of pain would interfere with Martin's prospects for meaningful employment.

B. Onset of Mental Impairment

The second issue is whether the record indicates mental impairment before

Martin began seeing a psychologist. The Appeals Council found that the record contained no findings regarding a mental impairment until Martin began seeing Malcolm Jackson, Ph.D., a psychologist, after his insured status had expired. Thus, the Appeals Council held that the ALJ wrongly considered Martin to be mentally impaired. However, the transcript of the hearing and the report of Dr. Jackson include facts upon which the ALJ could have determined that Martin was mentally impaired before he went to see a psychologist.

■■■ First, and most persuasive, is the psychologist's statement that the onset of the depression was insidious and progressive. If Martin was depressed when he first saw Dr. Jackson, and the onset of the depression was progressive, there is unquestionably a basis for finding mental impairment before Martin's first visit. Additionally, Martin testified that he was referred to Dr. Jackson by Dr. Kopp six months before his actual visit. Martin's explanation for the delay was difficulty in getting medicaid approval. Certainly the above statements in the record indicate mental impairment before Martin began seeing a psychologist. Although a written evaluation of every piece of testimony and evidence is not required, the Secretary must articulate, at some minimum level, his analysis of the evidence in cases in which considerable evidence is presented to counter the agency's position. *Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir.1985). The Secretary did not address the above evidence. Therefore, because substantial evidence was present in the record for the ALJ to determine that Martin was mentally impaired before he first saw a psychologist, the Appeals Council must specify its reasons for discounting the evidence.

## V. CONCLUSION

The Court finds that substantial evidence does not support the Secretary's decision that James E. Martin is not disabled. The Secretary must make an express determination as to the level of pain involved and a vocational expert must determine whether this level of pain would interfere with Mar-

tin's prospects for meaningful employment. Additionally, the Secretary must specify his reasons for discrediting evidence in the record that Martin was depressed before seeing a psychologist. Therefore, the Court REVERSES the Secretary's denial of benefits and REMANDS for further proceedings consistent with this Order.

IT IS SO ORDERED.