36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marian L. BUZZARD, Plaintiff-Appellant,
v.
Donna E. SHALALA*, Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-36977.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.
Decided Sept. 1, 1994.
 
 Before: TANG, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marian Buzzard appeals the district court's order and judgment reversing the Secretary of Health and Human Services' final order and remanding for further evidence and findings. Buzzard argues that the Secretary's decision to deny her disability and social security benefits is not supported by substantial evidence because there is a conflict between the medical opinion of the ALJ's consulting physician, Dr. Goodman, and the opinion of her treating physician, Dr. Pitchford, and because the ALJ rejected the opinion of her treating physician without specific, legitimate reasons. Buzzard also argues that the record is complete and establishes that she is disabled, and therefore, remand to the Secretary should be for payment of benefits and not for further findings and proceedings. In so arguing, she urges us to adopt the Eleventh Circuit rule which deems the treating physician's opinion to be true where the Secretary has not properly rejected it and requires a remand for an award of benefits. We affirm the district court's order of remand for additional proceedings.
 
 I. Substantial Evidence
 
 3
 The Secretary's decision to deny benefits may be overturned only if it is based on legal error or if it is not supported by substantial evidence. Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). "[T]he reports of consultative physicians called in by the Secretary may serve as substantial evidence." Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989) (citing Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984)). However, an ALJ's decision is not supported by substantial evidence if there is a conflict between the medical opinions of the treating physician and an examining physician, and the ALJ rejects the treating physician's opinion without giving specific and legitimate reasons for the rejection. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983).
 
 A. Treating Physician's Opinions
 
 4
 The ALJ should give special consideration to the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). "Our reliance on the opinion of the treating physician is based not only on the fact that he is employed to cure but also on his greater opportunity to observe and know the patient as an individual." Id. at 502 (quoting Bowman v. Heckler, 706 F.2d 564, 568 (5th Cir.1983)). Thus, where a claimant's treating physician and the ALJ's examining physician present contradictory findings as to a physical impairment or conclusions as to the extent of the impairment, the ALJ is required to give specific, legitimate reasons for rejecting the treating physician's testimony. Id. The same rule applies to cases "in which a treating physician's opinion on the ultimate question of the degree of impairment differs from that of the examining physicians." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987).
 
 1. ALJ Hearing
 
 5
 Based on the written reports of Buzzard's treating physicians and on Buzzard's testimony at the hearing, Dr. Goodman, the ALJ's consulting medical advisor, testified as to his opinion of Buzzard's medical condition. Those reports describe Buzzard's observable physical symptoms and her subjective complaints, and note her treating physicians' opinions, which discuss why Buzzard's condition deteriorated or did not improve.
 
 
 6
 None of Buzzard's treating physicians opined as to the combined effect of Buzzard's impairments or as to whether those impairments met or equalled one or more of the medical listings. In contrast, Dr. Goodman concluded, after considering the symptoms reported by Buzzard's treating physicians, that those impairments, alone or in combination, did not meet any of the listings standards set forth in 20 C.F.R. Sec. 404, Subpart P, Appendix 1, under which a claimant is presumptively deemed disabled. Because the treating physicians did not render opinions on the ultimate question of Buzzard's degree of impairment, and because Dr. Goodman relied on the treating physicians' findings as to the presence of physical impairment, there were no conflicting medical opinions before the ALJ to reconcile.
 
 2. Appeals Council Proceeding
 
 7
 The Appeals Council may review the ALJ's decision, considering "new and material evidence" which was not presented to the ALJ "if [the evidence] relates to the period on or before the date of the [ALJ] hearing decision," and the Appeals Council "finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. Secs. 404.970, 416.1470. It is well-established in this Circuit not only that the ALJ must give specific, legitimate reasons when it rejects the opinion of a treating physician as to a claimant's physical impairments, but that the Appeals Council is also required to state "specific, legitimate reasons" for rejecting the opinion of a treating physician when that opinion is new and material evidence.[1] Ramirez v. Shalala, 8 F.3d 1449, 1452-53 (9th Cir.1993).
 
 
 8
 In Ramirez, this court reviewed both the actions of the Appeals Council and the ALJ in determining whether the Secretary's decision was proper. Id. at 1452. We concluded that both the ALJ and the Appeals Council had improperly disregarded the testimony of a treating physician regarding a claimant's medical condition, and noted that both failed to give "any reason--let alone a 'specific, legitimate' reason based on substantial evidence" for rejecting the treating physician's opinion. Id. at 1453-54.
 
 
 9
 In this case, the Appeals Council evaluated Dr. Pitchford's report, which was first submitted to the Appeals Council after appeal of the ALJ's decision. The report noted Buzzard's medical problems--morbid obesity, liver abnormalities, depression, proteinuria, hypertension and hypothyroidism--and concluded that her condition was "medically the equivalent of a listed impairment." However, while the report contradicted Dr. Goodman's opinion that Buzzard did not suffer from impairments medically equivalent to a listed impairment, the Appeals Council rejected Buzzard's request to review the ALJ's decision, dismissing the report with a cursory discussion only.[2] We conclude that this discussion does not constitute specific, legitimate reasons for disregarding Buzzard's treating physician's opinion, and that the Appeals Council's and Secretary's decision to deny Buzzard's application was thus unsupported by substantial evidence. See Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987).
 
 B. Applicability of Eleventh Circuit Rule
 
 10
 We decline Buzzard's suggestion to adopt the Eleventh Circuit rule that a treating physician's testimony is accepted as true as a matter of law, where the Secretary has ignored or failed to properly refute this testimony. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). The Ninth Circuit already has a well-established procedure which satisfactorily deals with this situation. In Varney v. Secretary of Health and Human Servs., 859 F.2d 1396 (9th Cir.1988), we considered a related Eleventh Circuit rule under which the Secretary must properly refute any subjective pain testimony that it discredits. We noted that Ninth Circuit law justifies a similar result, though under a different line of analysis. Id. at 1401 n. 5 (citing Winans v. Bowen, 853 F.2d 643 (9th Cir.1987)). Under the Ninth Circuit approach, the Secretary's decision is deemed unsupported by substantial evidence when she fails properly to refute the treating physician's testimony; the district court or this court then may remand for further findings, affirm the Secretary's decision, or remand for award of benefits to claimant. See, e.g., Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987).
 
 
 11
 In this case, we remand for further proceedings to reconsider whether the combined effects of Buzzard's impairments and the medical evidence in support thereof constitute disability and whether there are specific legitimate reasons for disregarding the treating physician's testimony. Unlike Varney, there is thus an additional reason to remand this case besides the evaluation only of insufficiently discredited testimony.
 
 
 12
 C. Conclusory Nature of Dr. Pitchford's Report
 
 
 13
 The Secretary contends that the Appeals Council was justified in rejecting the report because Dr. Pitchford's opinion was prepared strictly for purposes of Buzzard's disability litigation and is conclusory, brief, and unsupported by clinical findings. Upon review of Dr. Pitchford's report, it is clear that the report consists of, as the Secretary contends, "little more than providing 'check-marks in boxes.' " However, the report is supported by the same evidence presented at the ALJ hearing upon which Dr. Goodman relied, including the findings Dr. Pitchford made based on his previous examinations of Buzzard. We thus reject the Secretary's argument that she properly dismissed the report because of its conclusory nature.
 
 
 14
 D. Buzzard's Failure to Follow Medical Treatment
 
 
 15
 Both 20 C.F.R. Sec. 404.1530 and 20 C.F.R. Sec. 416.930 provide that "in order to get benefits, [a claimant] must follow treatment prescribed by [his or her] physician if this treatment can restore [his or her] ability to work," and "[i]f [a claimant] do[es] not follow the prescribed treatment without a good reason, we will not find [him or her] disabled."
 
 
 16
 In this case, Buzzard conceded that she often did not follow her physicians' treatment advice.[3] See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993). However, the record does not disclose whether Buzzard would have been able to work had she followed the prescribed treatments and taken her medications. Notably, the record does not speak to the severity and effect of Buzzard's depression, which could constitute a "good reason" for her failure to take her prescribed medications and follow her prescribed diets and treatment.
 
 E. Conclusion
 
 17
 "The decision whether to remand the case for additional evidence or simply to award benefits is within our discretion." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987) (citing Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987). "Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney, 859 F.2d at 1399 (internal citations omitted).
 
 
 18
 Because the record is not fully developed as to Buzzard's claim of disability, we affirm the district court's decision to remand for further proceedings before the ALJ. We agree with the district court that the Secretary on remand shall make specific findings concerning Buzzard's mental depression and how that depression contributes to the severity of her claimed disability. We agree also that the Secretary on remand will determine the necessity of a finding with regard to Buzzard's ability to work.
 
 II. Attorney's Fees
 
 19
 Because this case is remanded for further proceedings, Buzzard has not prevailed on the merits and consideration of attorney's fees is premature.
 
 
 20
 The judgment of the district court is AFFIRMED and this cause is remanded for further proceedings not inconsistent with this opinion.
 
 
 
 *
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See also Martin v. Sullivan, 750 F.Supp. 964, 971 (S.D.Ind.1990) (citing Orlando v. Heckler, 776 F.2d 209, 213 (7th Cir.1985)) ("the Secretary must articulate, at some minimum level, his analysis of the evidence in cases in which considerable evidence is presented to counter the agency's position.... [B]ecause substantial evidence was present in the record ..., the Appeals Council must specify its reasons for discounting the evidence")
 
 
 [2]
 In its letter to Buzzard notifying her that it was denying her request for review of the ALJ's decision in her case, the Appeals Council stated:
 A decision about whether your impairment(s) is medically equal to a listed impairment is based on medical evidence only. We will consider the medical opinion given by one or more medical consultants designated by in [sic] deciding medical equivalence (20 C.F.R. Secs. 404.1526 and 416.926). Dr. Goodman was designated by the Secretary at your hearing to decide medical equivalence. An audit of the hearing cassette revealed that Dr. Goodman testified that your impairments do not meet or equal any listing in the Listing of Impairments. Accordingly, the additional report of Dr. Pitchford considered in conjunction with the other evidence of record does not provide a basis for changing the Administrative Law Judge's decision.
 
 
 [3]
 For example, Buzzard's Opening Brief states that she "freely admitted" to Dr. Walker on May 4, 1990 that she had not "taken any of her medications with any regularity, including the L-Thyroxin," and that "basically" she had taken "none in the last six to nine weeks."
 Buzzard's Opening Brief also states that based on an October 24, 1990 examination of Buzzard, Dr. Muller "noted that Ms. Buzzard rarely takes any of her medications."