29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mack Curtis MASON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-35979.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mack Curtis Mason appeals the district court's decision affirming the Secretary of Health and Human Services' denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 401-403. Mason contends that the Administrative Law Judge's (ALJ) decision is not supported by substantial evidence, the ALJ should have consulted a medical advisor, and the ALJ incorrectly rejected his complaints of pain. We have jurisdiction under 28 U.S.C. Sec. 1291 and reverse and remand.
 
 
 3
 We review de novo a district court's order upholding the Secretary's denial of benefits. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). We will affirm the denial of disability benefits if the Secretary's findings are supported by substantial evidence. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). Substantial evidence is more than a mere scintilla but less than a preponderance. Id. We examine the record as a whole, id., including materials submitted to the Appeals Council, Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir.1993).
 
 
 4
 Mason's qualification for insurance benefits ended on December 31, 1982 and he claims his disability began on June 1, 1979. Thus, the critical time period is that between June 1979 and December 1982. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (per curiam) (disability must have existed during the period of claimant's insured status).
 
 
 5
 * Background
 
 
 6
 The ALJ concluded that Mason suffered from a severe impairment between June 1979 and December 1982 because of "high blood pressure, dizziness, low back pain radiating into his hips, left knee pain, numbness in his left leg, pain in the right shoulder diagnosed as mild tenosynovitis of the rotator cuff, and blurred vision." The ALJ rejected Mason's claims of alcoholism and mental illness.
 
 
 7
 The ALJ concluded that Mason's combined impairments, while severe, were not of the severity contemplated by the listings. The ALJ also found that Mason could not return to his prior position as a butcher or boner, but retained the residual functional capacity to perform other, light work.
 
 
 8
 Mason requested review by the Appeals Council. Mason submitted additional medical reports by Dr. Weider, dated August 22, 1984, and Dr. Romero, dated August 9, 1984, which characterized Mason's depression as moderate to marked. Both doctors diagnosed Mason with chronic mental illness lasting for not less than twelve months. The Appeals Council denied review because the additional reports did not indicate that Mason was unable to perform light work prior to December 31, 1982, the date his insured status expired.
 
 II
 Discussion
 
 9
 Mason argues that the Secretary's decision is not supported by substantial evidence because Mason suffered from depression. In a related argument, Mason contends that the ALJ was required to consult a medical advisor to determine the onset date of Mason's depression. We agree.
 
 
 10
 Our review of the record reveals that the ALJ focused on Mason's exertional limitations to the exclusion of his non-exertional limitations. The medical reports show that Mason was taking anti-depressant medication in 1979 and Mason's treating physician recommended in June 1978 that Mason be examined by a psychiatrist. Apparently, due to lack of funds, Mason was not evaluated by a psychiatrist until August 1984. Those 1984 reports deemed Mason a chronically depressed person who had been unable to engage in substantial gainful activity for at least twelve months, or just eight months after Mason's insurance expired. See Swanson v. Secretary, 763 F.2d 1061, 1065 (9th Cir.1985) (critical date is date of onset, not date of diagnosis). Because the record indicates that Mason's mental condition was disabling prior to the date his insurance expired, the ALJ was required to consult a medical advisor to infer the actual onset date of the mental illness. See Morgan v. Sullivan, 945 F.2d 1079, 1081-83 (9th Cir.1993) (per curiam) (when evidence regarding date of onset of mental impairment was ambiguous, such as treating physician's notation of distressed mental state, the ALJ must solicit expert medical advice). Therefore, we remand for a new hearing and direct the ALJ to review the evidence of the onset date with the assistance of a medical advisor. See id. If the onset date was before December 31, 1982, then the ALJ should determine whether Mason met the medical listings for depression and whether such a non-exertional limitation in combination with Mason's other ailments rendered him disabled.[1]
 
 
 11
 Mason also argues that the ALJ gave inadequate attention to his alcoholism. We disagree. There was substantial evidence for the ALJ's conclusion that Mason "drank occasionally but not excessively" prior to December 1982. The medical record showed that Mason did not seek treatment for alcohol abuse until 1984 or 1985 which corroborates his own testimony that he was drinking "hardly at all" before 1984. See Tylitzki v. Shalala, 999 F.2d 1411, 1413-14 (9th Cir.1993) (ALJ did not err by accepting a chronic alcoholic's testimony that he could control his drinking).
 
 
 12
 We further conclude that the ALJ gave inadequate reasons for dismissing Mason's pain evidence. An ALJ may disregard pain testimony if there are no objective medical findings to support the existence of some pain. Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir.1993). When pain is associated with a clinically demonstrated impairment, however, the ALJ must give clear and convincing reasons for rejecting the claimant's testimony. Id. at 918.
 
 
 13
 Here, an objective medical basis existed for Mason's pain complaints. Indeed, the ALJ concluded that Mason suffered from severe impairments. Moreover, the record is replete with instances in which Mason reported back, head, neck, arm, and chest pain as well as dizziness and numbness to his doctors and the doctors prescribed medications to alleviate those conditions. Thus, the ALJ's conclusory finding that Mason's pain complaints were not credible is insufficient. See id. On remand, the ALJ must identify specific facts in the record which demonstrate that Mason was in less pain than he claims. See id.
 
 
 14
 In addition, the ALJ did not follow the proper procedure when determining Mason's residual work capacity. "The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." Desrosiers v. Secretary, 846 F.2d 573, 577 (9th Cir.1988). If the non-exertional limitations, such as pain or depression, are sufficiently severe, the ALJ must consult a vocational expert and cannot rely solely on the grids. Stewart v. Sullivan, 881 F.2d 740, 744 n. 5 (9th Cir.1989). Here, the ALJ did not make the necessary determination before relying on the grids. On remand, if the ALJ concludes reliance on the grids is inappropriate, he must consult with a vocational expert.
 
 
 15
 Mason argues that the Secretary should have treated his work experience during 1979 as a trial work period under 20 C.F.R. Sec. 404.1592(a) (1993). Because Mason raised this issue for the first time on appeal, we decline to consider it; however, Mason may raise it on remand before the ALJ. See Gonzalez, 914 F.2d at 1202 (although claimant waived argument on appeal by failing to raise it in the district court, 20 C.F.R. Sec. 416.1446(b)(1) allows the claimant to raise the issue on remand before the ALJ).
 
 
 16
 Mason's requests for attorney's fees under 28 U.S.C. Sec. 2412(d)(1)(A) and 42 U.S.C. Sec. 406(b) are denied without prejudice to their renewal before the district court in the event he prevails before the ALJ on remand.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, we deny Mason's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mason argues that the ALJ should have reopened his prior application for disability, which he filed in 1980. We agree that if Mason requests benefits on remand that he claimed in the first application, he is entitled to have his first application reopened. See Gonzalez, 914 F.2d at 1203 (when notice form violated due process, on remand, claimant may be entitled to benefits using onset date alleged in first application); Social Security Acquiescence Ruling 92-7(9), 57 Fed.Reg. 45,061 (1992)