**Dale N. STARK, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. No. 94–6132–HO.**

United States District Court,
D. Oregon.

April 27, 1995.

**734**

Drew L. Johnson, Johnson Cram & Harder, Eugene, OR, for plaintiff.

Kristine Olson, Craig J. Casey, Portland, OR, Richard Wetmore, Dept. of Health & Human Services, Seattle, WA, for defendant.

## ORDER

HOGAN, Chief Judge.

Plaintiff seeks review of a final decision denying him disability and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. Section 401, *et. seq.* At the time of the administrative hearing on September 2, 1993, plaintiff was forty-eight years old, had two years of college education, and had past relevant work experience as a machinist, truck and school bus driver, tool and cutter grinder, and self employment as a bullet maker. (Tr. 53–54, 179–191). Plaintiff alleged disability since January 11, 1992, due to physical and mental impairments resulting from low back pain. (Tr. 175). He was found to have met the insured status requirements of Title II on January 11, 1992. Plaintiff, in this proceeding, alleges disability based on mental impairments alone.

*DISCUSSION*

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." *Martinez v. Heckler,* 807 F.2d 771, 772 (9th Cir.1986). Even if the decision is supported by substantial evidence,

it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Bilby v. Schweiker,* 762 F.2d 716, 718 (9th Cir.1985); *Gallant v. Heckler,* 753 F.2d 1450 (9th Cir. 1984).

▪ The Secretary has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987); 20 C.F.R. 404.1520(a) and 416.920(a). In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." 20 C.F.R. 404.1520(d), 416.920(d). If so, the plaintiff is conclusively presumed disabled. *Ramirez v. Shalala,* 8 F.3d 1449 (9th Cir.1993). Plaintiff argues that his mental impairment was one which the Secretary acknowledges is "so severe as to preclude substantial gainful activity," and the Administrative Law Judge's (ALJ) conclusion to the contrary is not based on substantial evidence.

In the present action, Dr. Kjaer, a psychiatrist, concluded that plaintiff met the disability criteria for mental impairment listings 12.03 (schizophrenic, paranoid and other psychotic disorders); 12.04 (affective disorders); and 12.08 (personality disorders) because he had marked difficulties in maintaining social functioning and repeated episodes of deterioration or decompensation in work or work-like settings. 20 C.F.R. Part 404, Subpart P, Appendix 1; (Tr. at 411, 418). In order to find a personality disorder under listing 12.08, a plaintiff must meet three of the four "B" criteria. It is undisputed that Dr. Kjaer found only two. It was not error for the ALJ to find an absence of disability based on listing 12.08.

▪ The ALJ considered Dr. Kjaer a treating physician and the Secretary does not dispute this. The ALJ, however, disregarded that opinion in favor of the opinion of Dr. Warner, a psychologist advisor, who did not treat or examine plaintiff. The medical opinion of a plaintiff's treating physician is entitled to greater weight than to that of a non-treating or examining physician because the treating physician "is employed to cure and

has a greater opportunity to know and observe the patient as an individual." *Rodriguez v. Bowen,* 876 F.2d 759, 761 (9th Cir. 1989) (quoting *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1985)). The opinion of a non-examining medical expert, with nothing more, is not substantial evidence sufficient to support a denial where the record contains conflicting observations, opinions and conclusions of an examining physician. *Erickson v. Shalala,* 9 F.3d 813 (9th Cir.1993). When another doctor's opinion contradicts the opinion of a treating physician, the Secretary can disregard the latter *only* by setting forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Ramirez v. Shalala,* 8 F.3d 1449, 1453 (9th Cir.1993) (quoting *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir.1991)). When the opinion of the treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" when rejecting such an opinion. *Gallant v. Heckler,* 753 F.2d 1450, 1454 (9th Cir.1984). While the Secretary must make particularized findings to support her administrative decision and allow for meaningful judicial review, the Secretary need not discuss all evidence presented. Rather, she must explain why "significant probative evidence has been rejected." *Vincent v. Heckler,* 739 F.2d 1393, 1394–95 (9th Cir.1984). The issue is whether the ALJ's findings for disregarding Dr. Kjaer's conclusions are sufficient.

▪ The ALJ found that "Dr. Kjaer's reports have been very carefully considered, but his assessment of the claimant's mental limitations differs so radically from the other examining and treating sources that it must be rejected." (Tr. at 30). Plaintiff was initially examined in July 1992 by psychiatrist, Dr. Alan Cohn who diagnosed: (1) Depression, not otherwise specified, (2) Adjustment disorder with anxiety and depression, (3) Chronic pain syndrome, (4) Marital maladjustment, and, (5) Passive aggressive, obsessional and paranoid personality traits. (Tr. at 251). In August 1992, plaintiff was examined by an internist, Dr. Witkin, who diagnosed depression. (Tr. at 257). In September 1992, plaintiff was hospitalized for five days and his discharge psychiatric diagnoses

were: (1) Major depression, (2) Possible dysthymic disorder, and (3) Mixed personality disorder with dependent and passive aggressive features. (Tr. at 266). While hospitalized, plaintiff completed a Minnesota Multiphasic Personality Inventory (MMPI) which indicated probable diagnoses of "Dysthymic Disorder or Major Affective Disorder." (Tr. at 277). The hospital discharge summary also noted "suicidal feelings." (Tr. at 266). Dr. Henry Homes evaluated plaintiff in October 1992 and diagnosed "probable chronic depressive disorder." (Tr. at 294).

In March, 1993, plaintiff's treating physician, Dr. Strutin, referred him to Dr. Kjaer, a psychiatrist on contract with the Social Security Administration as a medical expert. (Plaintiff's Memorandum in Support of Complaint for Review (# 13), Exhibit A). Dr. Kjaer's diagnoses were: (1) Dysthymic disorder-severe, approaching a psychotic degree of intensity; (2) Paranoid personality; (3) Avoidant personality; (4) Passive aggressive personality disorder; (5) Marial discord; and (6) Schizoid personality. (Tr. at 339). Dr. Kjaer assigned a score of 50 on the Global Assessment of Functioning (GAF) scale. *Id.* The Secretary does not dispute that such a score indicates serious symptoms, i.e., suicidal ideation, or any serious impairment in social or occupational functioning, including inability to keep a job. See Diagnostic and Statistical Manual of Mental Disorders at 12, Third Edition (1980). Dr. Kjaer based his diagnoses on clinical interviews on March 16, March 23, March 30, April 7, and May 5. (Tr. at 341–351). He also administered the following objective tests: the MMPI, Million Multiple Clinical Inventory, Sentence Completion Test, Cornell Medical Index, and Draw a Person Test. (Tr. at 338, 357–367, 372–404). In addition, Dr. Kjaer continued to see plaintiff after his May 13, 1993 report.

On July 19, 1993, Dr. Kjaer again evaluated plaintiff. (Tr. at 405). His diagnoses were: (1) Depressive reaction-major; (2) Dysthymic disorder-sever, approaching a psychotic degree of intensity at times; (3) Paranoid personality; (4) Mixed personality disorder with multiple personality disorder traits; and (5) Marital discord. (Tr. at 409). Dr. Kjaer again assigned a GAF score of 50.

(Tr. at 410). The record does not support the ALJ's conclusion that Dr. Kjaer's assessment was radically different from the other examining physicians' mental impairment assessments. In addition, none of these other examining medical sources had as much contact with plaintiff in terms of evaluation or treatment.

The ALJ discounted Dr. Kjaer's opinion, in part, on the ground that Dr. Warner disagreed with it. (Tr. at 24–25). Dr. Warner disagreed with the underlying bases for Dr. Kjaer's diagnoses of major depression, schizophrenia, paranoia, or other psychotic disorder. However, as noted above, other examining physicians diagnosed chronic, major depression with several prescribing antidepressant medication. (Tr. at 294, 331). Dr. Cohn diagnosed paranoia, and several others diagnosed a dysthymic disorder which Dr. Kjaer concluded was severe "approaching a psychotic degree." A medical advisor's disagreement with the opinion of a treating physician is not sufficient alone for disregarding the treating physician's opinion.

The ALJ discounted Dr. Kjaer's disability conclusion based on his finding that this doctor's May 13, 1993 and July 19, 1993 evaluations resulted in different diagnoses, but were based on the same testing and interviews. *Matney on Behalf of Matney v. Sullivan,* 981 F.2d 1016 (9th Cir.1992) (inconsistencies and ambiguities in treating physician's opinion concerning level of disability were specific and legitimate reasons for not accepting physician's opinion). The ALJ noted that a new diagnosis in July, 1993, was major depressive reaction. However, that was also a similar diagnosis in May, 1993 (Tr. at 339, Axis V) and referenced in the test results. The ALJ noted that in July, 1993, Dr. Kjaer found a presence of pain greatly in excess of what would be expected from demonstrable pathology, and yet did not diagnose a somatoform disorder under medical listing 12.07. In addition, the ALJ gave great weight to Dr. Warner's conclusion that there is a substantial amount of evidence that plaintiff exaggerates his symptoms or presents himself in the worst possible light. (Tr. at 24). In support, Dr. Warner cited to reports of physicians who treated plaintiff for

physical rather than mental impairments; i.e., Drs. Woolpert (orthopedic surgeon), Gallo (neurosurgeon), Reimer (neurologist), and Geist (orthopedic surgeon). Dr. Warner noted that plaintiff had an invalidating score on two psychological tests which indicated he presented himself in an extremely unfavorable light. He also opined that plaintiff had an additional diagnosis of a somatoform disorder (unrealistic interpretation of symptoms or physical signs and sensations).

Dr. Kjaer's opinion concerning plaintiff's mental impairment was consistent with those of the other examining physicians. The ALJ failed to provide either clear and convincing or specific and legitimate reasons for rejecting Dr. Kjaer's opinion and following the opinion of Dr. Warner. The ALJ's decision was not based on substantial evidence. See *Sprague v. Bowen,* 812 F.2d 1226 (9th Cir. 1987).

*CONCLUSION*

The decision of the Secretary is reversed and remanded for a determination of benefits based on a January 11, 1992 onset date.