Herbert **RAMIREZ**, Plaintiff–Appellant,

v.

Donna **SHALALA**, Secretary of Health and Human Services,* Defendant–Appellee.

No. 92–55163.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1993.

Decided Nov. 9, 1993.

---

* Donna Shalala has been substituted for her predecessor in office, Louis W. Sullivan, M.D., pursuant to Federal Rule of Appellate Procedure 43(c)(1).

Robert Hoad, Henry N. Ernecoff, Matty M. Sandoval, Robert Hoad, A Professional Law Corporation, San Diego, CA, for plaintiff-appellant Herbert Ramirez.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, CA, for defendant-appellee Donna Shalala.

Before: WOOD, Jr.,** REINHARDT, and RYMER, Circuit Judges.

REINHARDT, Circuit Judge:

Herbert Ramirez appeals the denial of Disability Insurance and Supplemental Security Income benefits. An Administrative Law Judge ("ALJ") found him not disabled. He requested that the Appeals Council review his case, and submitted to that body, inter alia, an additional report from his treating psychologist. The Appeals Council declined to review the ALJ's decision, making it final. Ramirez appealed to the district court, which granted summary judgment in favor of the Secretary.[1] We now reverse and remand for the payment of benefits.[2]

## I.

We review the judgment of the district court *de novo*. *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir.1991) (citing *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989)). In so doing, we consider the rulings of both the ALJ and the Appeals Council. Although the ALJ's decision became the Secretary's final ruling when the Appeals Council declined to review it, the government does not contend that the Appeals Council should

** The Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. This appeal concerns Ramirez's contentions regarding his emotional disorder. He initially based his application on certain physical complaints as well, but does not challenge the ALJ's resolution of those complaints here.

2. Following receipt of the mandate, the district court shall remand to the Secretary with instructions to award Ramirez the benefits he seeks.

not have considered the additional report submitted after the hearing, or that we should not consider it on appeal. Moreover, although the Appeals Council "declined to review" the decision of the ALJ, it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to "provide a basis for changing the hearing decision." For these reasons, we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council. *See Bates v. Sullivan,* 894 F.2d 1059, 1063–64 (9th Cir.1990) (reviewing de novo the Appeals Council's refusal to review the decision of the ALJ where the claimant presented new material to the Appeals Council after the hearing before the ALJ). *See also* 20 C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence, and shall review the decision of the ALJ if the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence in the entire record). The Secretary's findings must be reversed if they are tainted by legal error or if the denial of benefits is unsupported by substantial evidence. *Wainwright v. Secretary of Health & Human Servs.,* 939 F.2d 680, 682 (9th Cir.1991) (citing *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990)).

■ Claims of disability are evaluated according to a five-step procedure. 20 C.F.R. §§ 404.1520 *et seq.,* 416.920 *et seq.* (1993). Ramirez disputes the findings the ALJ made at the third step of the five-step process. That step determines whether a claimant is disabled by comparing the claimant's impairment to impairments listed in an appendix to the regulations ("listed diagnoses"). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 20 C.F.R. § 416.925. Each listed diagnosis consists of clinical findings listed under paragraph A ("paragraph A criteria") and functional limitations listed under paragraph B ("paragraph B criteria"). Together, the criteria define the severity of the impairment. Each listed diagnosis requires that a claimant exhibit a

set number of both paragraph A and paragraph B criteria in order to be found disabled. The criteria may themselves require the claimant to exhibit a set number of characteristics. If a claimant's impairment either meets the listed criteria for the diagnosis *or* is medically equivalent to the criteria of the diagnosis, *Pitzer v. Sullivan,* 908 F.2d 502, 504 (9th Cir.1990) (citations omitted), he is conclusively presumed to be disabled, *Baxter v. Sullivan,* 923 F.2d at 1395; 20 C.F.R. §§ 404.1520(d), 416.920(d). *See generally Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 2290–92, 96 L.Ed.2d 119 (1987).

## II.

### A.

The dispute in this case concerns listed diagnosis 12.04 (affective disorder) and 12.08 (personality disorder). The required level of severity for diagnosis 12.04 is met when the claimant's impairment meets at least *one* paragraph A criterion *and* at least *two* paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1 at 408. The required level of severity for diagnosis 12.08 is met when the claimant's impairment reflects at least *one* paragraph A criterion *and* at least *three* paragraph B criteria. *Id.* at 409. The list of paragraph B criteria is the same for both diagnoses, although the list of paragraph A criteria differs.

Ramirez's treating physician, Dr. Richard E. Townsend, diagnosed Ramirez as having dysthymia, an affective disorder. As stated above, affective disorders fall within diagnosis 12.04.[3] Ramirez contends that Dr. Townsend's findings, and his own description of his symptoms, meet all the requirements for diagnosis 12.04—that is, that they are medically equivalent to that diagnosis. The ALJ did not consider Dr. Townsend's diagnosis of affective disorder. He did not dispute Dr. Townsend's medical findings, nor Ramirez's own account of his symptoms, but he ruled that Ramirez suffered from a personality disorder, and classified Ramirez's impairment

---

3. Dr. Townsend also diagnosed Ramirez as suffering from a dependent personality disorder, which is covered under diagnosis 12.08. However, Ramirez does not contend on appeal that he suffers from a dependent personality disorder or any other disorder covered by diagnosis 12.08.

under diagnosis 12.08. In addition, he found that Ramirez did not meet all of the requirements for diagnosis 12.08: in his opinion, Ramirez met the requisite *one* paragraph A criterion for the diagnosis but only *two* of the *three* requisite paragraph B criteria. He concluded that Ramirez was therefore not presumptively disabled, and then continued his evaluation according to the fourth and fifth steps of the five-step process.[4] The Appeals Council saw no reason to disturb the ALJ's findings. Ramirez does not challenge the ALJ's findings, or their endorsement by the Appeals Council, with respect to diagnosis 12.08. He claims only that he is entitled to an award of benefits under diagnosis 12.-04.

### B.

We consider, first, whether the failure to consider Ramirez for benefits under diagnosis 12.04 constituted error.

■ The classification of mental disorders is not an exact science. As the American Psychiatric Association points out, "There is no assumption that each mental disorder is a discrete entity with sharp boundaries (discontinuity) between it and other mental disorders, or between it and no mental disorder." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* xxii (3d. ed. rev. 1987). A dysthymic disorder—Ramirez's condition—is often associated with a personality disorder (diagnosis 12.08), and personality disorders are often seen during episodes of dysthymia. *Id.* at 232, 335. The fact that Ramirez suffered from a dysthymic disorder does not mean that he did not also suffer from a personality disorder. The two are not mutually exclusive.[5] However, neither the ALJ nor the Appeals Council provided any explanation for failing to consider whether Ramirez was eligible for benefits under diagnosis 12.04.

In considering only diagnosis 12.08, the ALJ seemed implicitly to rely on the opinion of Dr. Sidney Bolter, a government physician. Dr. Bolter stated that Ramirez did not suffer from an affective disorder (the type of disorder considered under diagnosis 12.04) but rather from a personality disorder, covered under diagnosis 12.08. However, neither the ALJ nor Dr. Bolter gave any reason for disagreeing with Dr. Townsend's opinion that Ramirez suffered from an affective disorder. Dr. Bolter did not dispute either Ramirez's own account of his symptoms or Dr. Townsend's findings. Moreover, he did not ever examine Ramirez; rather, he reviewed the record and saw Ramirez for the first time at the hearing.[6]

■ In disability cases, greater weight is afforded to the opinion of a treating physician than to that of non-treating physician, because the treating physician " 'is employed to cure and has a greater opportunity to know and observe the patient as an individual.' " *Bates v. Sullivan,* 894 F.2d at 1063 (quoting *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987)). When another doctor's opinion contradicts the opinion of a treating physician, the Secretary can disregard the latter *only* by setting forth " 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.' " *Baxter v. Sullivan,* 923 F.2d at 1396 (quoting *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)). Neither the ALJ nor the Appeals Council gave *any* reason—let alone a "specific, legitimate" reason based on substantial evidence—for disregarding Dr. Townsend's

---

4. In the fourth and fifth steps of the process, the ALJ determines whether the claimant's impairment prevents him from performing work he performed in the past, and, if not, whether he is able to perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(e)–(f), 416.-920(e)–(f). Here, the ALJ found that Ramirez could not perform his past work but could perform substantial gainful activity of at least a light level of exertion, and that such activity was available to a significant degree in both the local and national economy.

5. Indeed, Dr. Townsend, Ramirez's own physician, diagnosed him as suffering from both.

6. Although he did not examine Ramirez or administer any psychological tests to him, he did ask Ramirez a few questions at the hearing. They focussed on whether Ramirez had a criminal record (Ramirez said he does not), whether he abuses alcohol or other drugs (Ramirez said he does not), and whether he had trouble with school authorities as a student (he said that he had, but only once).

diagnosis of dysthymia, an affective disorder covered under diagnosis 12.04.[7]

We conclude that both the ALJ and the Appeals Council improperly disregarded Dr. Townsend's opinion that Ramirez suffered from an affective disorder, classified under diagnosis 12.04.[8] We now examine the full record, including the supplemental material submitted to the Appeal Council, to determine what it reveals with respect to Ramirez's eligibility for benefits under diagnosis 12.04.

## C.

Ramirez contends that his condition meets the requirements of diagnosis 12.04. Thus, he contends that the inquiry should have been concluded at the third step of the five-step process and that he should have been awarded the benefits he seeks. As noted above, there is no dispute that Ramirez meets the paragraph B criteria required by diagnosis 12.04.[9] That diagnosis also sets forth three paragraph A criteria, one of which the claimant must meet. The crux of the dispute in this case is whether Ramirez does so.

■ Ramirez contends that he meets the following paragraph A criterion:

Medically documented persistence, either continuous or intermittent, of ... [d]epressive syndrome characterized by *at least four of the following:*

a. Anhedonia or pervasive loss of interest in almost all activities; ...

e. Decreased energy; ...

f. Feelings of guilt or worthlessness; ...

g. Difficulty concentrating or thinking[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1 at 408 (emphasis added). Dr. Townsend submitted a report to the ALJ in which he briefly summarized his two-year treatment of Ramirez. There, he stated that Ramirez suffers from dysthymia, an affective disorder, that his prognosis is poor, and that his illness has caused a "loss of interest" in most activities. In addition, in the report Dr. Townsend submitted to the Appeals Council after the hearing before the ALJ, he stated that Ramirez suffers from dysthymia; that, due to his disorder, he experiences "1) low energy and fatigue, 2) low self-esteem, [and] 3) poor concentration and difficulty making decisions;" and that these symptoms had persisted for about two years at the time of the hearing. The supplemental report, when read along with the original, is sufficient to show that Ramirez exhibits the four characteristics necessary to meet the paragraph A criterion set out above.

■ Because Dr. Townsend found that Ramirez suffers from dysthymia, an affective disorder, and because the record establishes that Ramirez meets both the paragraph A and paragraph B criteria for diagnosis 12.04, which covers that disorder, we conclude that Ramirez's condition meets the requirements of diagnosis 12.04. Accordingly, we find that the Appeals Council erred in failing to find that Ramirez met the requirements for diagnosis 12.04. 20 C.F.R. §§ 404.1526(a), 404.-1528, 416.926, 416.928; *see Bernal v. Bowen,* 851 F.2d 297, 300 (10th Cir.1988).

## III.

It may be true that Ramirez suffers from both an affective disorder (diagnosis 12.04) *and* a personality disorder (diagnosis 12.08). It may also be true that his personality disor-

---

7. After concluding that Ramirez's condition should be evaluated under diagnosis 12.08, the ALJ considered his eligibility for benefits under that diagnosis. For that reason, we do not further consider the ALJ's decision.

8. Two state agency doctors also assessed Ramirez's mental condition. Their assessments tended to show that Ramirez did not meet the requirements for disability under any 12.00 mental disorder diagnosis. However, the ALJ did not base his evaluation on these assessments, and the Appeals Council did not consider them. Further-

more, because these assessments were made by non-treating physicians, we afford them less weight than we do Dr. Townsend's assessment. *Bates v. Sullivan,* 894 F.2d at 1063.

9. Ramirez has stipulated to the finding of the ALJ that he meets *two* of the three paragraph B criteria required by diagnosis 12.08. Because the paragraph B criteria are the same for diagnosis 12.04, he also meets the *two* paragraph B criteria required under that diagnosis.

der is not disabling. However, the ALJ failed to set forth any reason for disregarding the diagnosis of affective disorder, and the Appeals Council lacked a basis for denying Ramirez benefits under that diagnosis. Although a number of witnesses testified regarding Ramirez's mental condition, none refuted Dr. Townsend's findings regarding dysthymia.[10] No testimony or other information in the record contradicts Ramirez's assertion that he meets the four characteristics required by the paragraph A criterion set forth above. To the contrary, the findings of his treating physician support him in every particular.

 The Appeals Council could have remanded for a further hearing so that the ALJ could consider Ramirez's eligibility for benefits under diagnosis 12.04, or so that he could take further evidence. It chose not to do so. Instead, it treated the record as complete. We agree. Ordinarily, we may either " 'remand [a] case for additional evidence or simply ... award benefits.' " *Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir.1988) (quoting *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.1985)). Where the record is complete, however, we award benefits to the claimant. *Id.* (citing *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir.1986)). Here, the record establishes that Ramirez exhibited the symptoms of a person suffering the required signs of diagnosis 12.04 in the required degree of duration and severity. There is no substantial evidence to the contrary. The Appeals Council therefore erred in failing to overturn the ALJ's decision and award benefits to Ramirez. Accordingly, we reverse the Secretary's decision.

**REVERSED AND REMANDED FOR THE PAYMENT OF BENEFITS.**

RYMER, Circuit Judge, dissenting:

I would affirm because there is no evidence that Ramirez's "dysthymic disorder" precluded him from returning to suitable work or was so severe as to be disabling. *See Perez Torres v. Secretary of HHS*, 890 F.2d 1251, 1254–55 (1st Cir.1989) ("a dys-

thymic disorder is a chronic mood disturbance involving either a depressed state or a loss of interest or pleasure in almost all usual activities and pastimes.... It is a less severe condition than a major depressive episode and occupational impairment is usually mild to moderate because of the chronic, rather than severe nature of the syndrome."); *Sample v. Schweiker*, 694 F.2d 639, 642–43 (9th Cir.1982) ("[t]he existence of emotional disorder ... is not *per se* disabling.... In addition, there must be proof of the impairment's disabling severity." (quotation omitted).) Even if Dr. Townsend's testimony had been fully credited, Ramirez has not shown that he would have established that he was "disabled" despite any functional limitations caused by his emotional disorder. Therefore I respectfully dissent.