83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ofelia MENDOZA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration,* Defendant-Appellee.
 No. 94-56344.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
Decided April 25, 1996.
 
 Before: BEEZER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ofelia Mendoza appeals a judgment upholding the denial of her claim for Social Security disability benefits. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction. 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 We review de novo the district court's judgment. Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir.1993). The Commissioner has the burden to show that the claimant could perform other substantial gainful work in the national economy. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995). "The [Commissioner] may carry this burden by eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." Id. (emphasis added).
 
 
 4
 The ALJ posed the following hypothetical to the Vocational Expert (VE):
 
 
 5
 Let's see, assume we have a lady here who's about forty-six years old, and she's a high school graduate, and she's a licensed beautician, a cosmetologist. And assume that this lady here has worked in the occupation as indicated here. And let's assume that this lady has no exertional impairment. She does have a nonexertional impairment consisting of the vestibular dysfunction of some sort her that causes her to get dizzy whenever she has a sudden movement of the head or changing of a sudden position from sitting to standing and vice versa.
 
 
 6
 Any sudden rapid changing of position, or any sudden movements of her head. She says whenever she turns her head, she has to turn it kind of slowly. All right, so she must avoid, you know, those sudden movements. And also she should not be sticking her head between her legs, looking down that far, you know. So you know what I'm talking about, dropping her head down--
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 All right. Or tilting your head backwards. So with those, with that type of positional impairment, Mr. Cummings [VE], could this lady go back to doing cosmetology work?
 
 
 10
 Mendoza testified that she needed approximately five to ten minutes to recover from her dizzy spells. Her physician, Dr. Eden, stated in his deposition that it was his opinion that Mendoza's condition would make it difficult for her to be able to complete any significant job without periods of rest. Dr. Eden testified before the ALJ that Mendoza would need periods of rest to recover from an episode of dizziness. The hypothetical posed by the administrative law judge to the vocational expert was erroneous because it assumes that Mendoza would be able to immediately recover from her dizziness episodes. It did not include the limitation that Mendoza needed periods of rest to recover from the episodes. The Commissioner failed to carry the burden of showing that the claimant could perform other substantial gainful work in the national economy because the ALJ failed to pose a hypothetical that sets out all of Mendoza's limitations and restrictions.
 
 
 11
 We reverse the district court with instructions to remand the case to the Commissioner for further determination of whether Mendoza can perform other substantial gainful work in the national economy. No attorney's fees will be awarded to the appellant, and each party shall bear its own costs on appeal.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rules of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3