91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cathy TAYLOR, Plaintiff-Appellant,
v.
Shirley S. CHATER,** Commissioner of
Social Security, Defendant-Appellee.
 No. 95-35209.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 17, 1996.
 
 1
 Before: FERGUSON and BRUNETTI, Circuit Judges, and KING,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Cathy Taylor appeals a judgment upholding the denial of her claim for Social Security disability benefits. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction over this timely appeal. 28 U.S.C. § 1291. We affirm.
 
 
 4
 We review de novo the district court's judgment. Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir.1993). We affirm a denial of benefits if it is supported by substantial evidence and based on the application of correct legal standards. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where the evidence is susceptible to more than one rational interpretation, this court is to uphold the Commissioner's decision. Id.
 
 I.
 
 5
 Taylor argues that the ALJ failed to give proper weight to the "second opinion" of her treating physician, Dr. Winkler. A number of Dr. Winkler's reports were submitted to the ALJ. In considering her various disabilities, Dr. Winkler had stated on July 12, 1992 that Taylor was limited to a light sedentary category for employment purposes. Yet again, on August 25, 1992, Dr. Winkler completed a residual functional capacity form by request of the Disability Determination Services (DDS) of the Oregon Department of Human Resources, in which he stated that Taylor could: (1) lift ten pounds often and fifteen pounds occasionally; (2) walk with normal breaks for four hours in an eight hour day; (3) stand with normal breaks for four hours in an eight hour day; and (4) sit with normal breaks for four to six hours in an eight hour day.
 
 
 6
 At the hearing before the ALJ, Taylor's attorney submitted a form[1] dated July 23, 1993, that the attorney requested Dr. Winkler to complete. Dr. Winkler indicated that Taylor was disabled based on objective medical findings. He marked that to the extent that Taylor's subjective symptoms are fully credited, Taylor is disabled by her subjective symptoms.
 
 
 7
 Dr. Winkler's conclusion in the form submitted that the hearing before the ALJ stated that Taylor was disabled, but the residual functional capacity form that Dr. Winkler completed for DDS indicated that Taylor was not disabled. Since these two reports are in conflict, the ALJ needs to provide specific and legitimate reasons for disregarding Dr. Winkler's second opinion. See Flaten v. Sec'y of Health and Human Services, 44 F.3d 1453, 1463 (9th Cir.1995). The ALJ did set out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989).
 
 
 8
 Taylor cites to Stone v. Heckler, 761 F.2d 530 (9th Cir.1985) for the proposition that the most recent medical evidence is the most probative in cases where the claimant's condition is progressive or non-stable. Stone is not applicable. In this case, the ALJ considered Dr. Winkler's most recent report and then decided to put little weight on it because it conflicted with Dr. Winkler's previous reports. Furthermore, there was no medical evidence presented that Taylor's condition was progressively deteriorating. The ALJ did not fail to give proper weight to Dr. Winkler's "second opinion".
 
 II.
 
 9
 Taylor contends that the ALJ failed to properly evaluate her pain complaints. This court will defer to the ALJ's credibility determinations when supported by specific findings. Flaten, 44 F.3d at 1464. When making credibility determinations, an ALJ can take into account such factors as the "claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995). The ALJ's finding that Taylor's subjective complaints of pain were not convincing is supported by specific findings. He considered Taylor's daily activities and the contradictions between Taylor's testimony and Dr. Winkler's first opinion. The ALJ did not err in rejecting Taylor's subjective complaints of pain.
 
 III.
 
 10
 Taylor argues that the ALJ erred by concluding that she could engage in other employment because he improperly framed the hypothetical posed to the Vocational Expert (VE). The Commissioner has the burden to show that Taylor could perform other substantial gainful work in the national economy. Andrews, 53 F.3d at 1043. "The [Commissioner] may carry this burden by eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." Id. A VE's testimony as to a claimant's residual functional capacity "has no evidentiary value if the assumptions in the hypothetical are not supported by the record." Magallanes, 881 F.2d at 756. The hypothetical posed to the VE set out all of Taylor's limitations and restrictions. The ALJ properly framed the hypothetical posed to the VE.
 
 
 11
 The ALJ's denial of benefits is supported by substantial evidence and based on the application of correct legal standards.
 
 
 12
 AFFIRMED.
 
 
 
 **
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 ***
 Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Dr. Winkler was requested to indicate a "yes" or a "no" in response to certain statements in the form