122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grover C. DUKE, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner of
Social Security, Defendant-Appellee.
 No. 96-56833.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.***
Sept. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grover C. Duke appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Duke contends that the administrative law judge ("ALJ") erred in relying on the vocational expert's testimony to conclude that Duke was able to perform work which exists in significant numbers in the national economy.
 
 
 4
 If a claimant cannot return to his previous job, the Commissioner must "identify specific jobs existing in substantial numbers in the national economy that claimant can perform." Johnson v. Shalala, 60 F.3d 1428, 14:32 (9th Cir.1995). The Commissioner may carry this burden by eliciting the testimony of a vocational expert "to identify jobs that match the abilities of the claimant." Id. The Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information." Id. at 1434 n. 6 (citation and internal quotations omitted). However, the ALJ may rely on the testimony of a vocational expert which deviates from the DOT if persuasive evidence in the record supports the deviation. See id. at 1435-36.
 
 
 5
 Here, the vocational expert testified that an individual with approximately two years of college with Duke's physical restrictions could perform work as a teacher's aide which would be unskilled or semi-skilled sedentary work. The testimony of the vocaticnal expert did not deviate from the DOT and the ALJ was entitled to rely on such testimony to find that Duke could perform a significant number of jobs existing in the national economy. See Johnson, 60 F.3d at 1435-36.
 
 
 6
 Duke's contention that the Appeals Council erred by rejecting the opinions of Duke's treating physician without providing specific and legitimate reasons also lacks merit.
 
 
 7
 The Commissioner may not reject the opinion of an examining or treating physician, even if contradicted by another physician, without providing "specific and legitimate reasons" that are supported by substantial evidence in the record. See Lester v. Chater 81 F.3d 821, 830-31 (9th Cir.1996); see also Ramirez v. Shalala, 8 F.3d 1449, 1453-54 (9th Cir.1993) (both the ALJ and the Appeals Council must provide "specific and legitimate" reasons for disregarding a treating physician's opinion). However, the Appeals Council shall consider "new and material" evidence only where such evidence relates to the period on or before the date of the ALJ's decision. See 20 C.F.R. § 404.970; Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir.1991) (en banc). The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. See 20 C.F.R. § 404.970; Macri v. Chater, 93 F.3d 540, 544 (9th Cir.1996) (citation omitted)
 
 
 8
 Before the Appeals Council, Duke submitted three additional reports from his treating physician, all dated after the ALJ's April 19, 1995 decision. The Appeals Council considered the reports but found that they provided no basis for changing the ALJ's decision. The Appeals Council did not err in failing to give "specific and legitimate reasons" for denying review of the ALJ's decision as the evidence relates to the period after the date of the ALJ's decision and because the ALJ's decision is not contrary to the weight of the evidence in the record. See 20 C.F.R. § 404.970; Bates, 894 F.2d at 1064; Macri, 93 F.3d at 544; cf. Ramirez, 8 F.3d at 1453-54 (Appeals Council erred by rejecting treating physician's opinion regarding symptoms that had persisted for two years before hearing without providing "specific and legitimate reasons").
 
 
 9
 AFFIRMED.
 
 
 
 *
 John J. Callahan is substituted for Shirley S. Chater, his predecessor, as Acting Commissioner of Social Security, pursuant to Fed R.App. P. 43(c)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3