**Joe MANN, Plaintiff—Appellant,**

v.

**SOCIAL SECURITY
ADMINISTRATION, Defendant—
Appellee.**

No. 01–35661.
DC No. CV 00–0815 RE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2003.

Decided April 24, 2003.

---

Before WALLACE, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM *

Joe Mann ("Mann") appeals from the district court's decision affirming the Commissioner of Social Security's ("Commissioner") determination that Mann was not eligible for Social Security disability insurance benefits or Supplemental Security Income disability benefits.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we remand for consideration of two issues. We conclude that the Administrative Law Judge ("ALJ") failed to consider the lay testimony of James McNutt. The ALJ also did not consider the opinion of Dr. Syna, which was first presented to the Appeals Council. We therefore remand to the district court with instructions to remand to the Commissioner for consideration of these two issues.[1]

1. Testimony of McNutt

█ McNutt operates the adult foster home where Mann stayed for six months after his initial injury. He testified that Mann comes to the foster home approximately once a week to do laundry and that Mann has difficulty remembering how to use the washer. Although Mann tried cooking there, he is no longer allowed to cook at the foster home because he frequently forgot things on the stove. McNutt testified that Mann would frequently get lost, even in places he had been before, and would end up on the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

wrong bus even after McNutt had explained to him which bus to take. McNutt also testified that he had observed Mann have a seizure and that Mann has speech and memory problems. The ALJ did not address McNutt's testimony in his decision.

The hypothetical given to the vocational expert ("VE") presumed that Mann could follow directions and attend work regularly. The VE testified that if Mann could not follow directions, he would not be able to sustain competitive work. He also acknowledged that if Mann were to miss two or more days work per month, he would not be able to sustain work in these, or any other, jobs. If found credible, McNutt's testimony would undermine the finding that Mann retains the capacity to make an adjustment to work which exists in significant numbers in the national economy as a small parts assembler and sorter. Crediting McNutt's testimony could also affect the ALJ's determination that Mann did not suffer from dementia.

On remand, the ALJ should determine whether the McNutt testimony is credible and, if so, how it affects the other findings.

### 2. Opinion of Dr. Syna

■ Mann offered additional evidence to the Appeals Board, including the opinion of Dr. Syna.[2] Dr. Syna, an examining physician who saw Mann for a medical arbiter examination on January 7, 1999, diagnosed him as suffering post traumatic migrainous episodes and an underlying psychiatric disorder. She opined that he was "entirely occupationally disabled."

The ALJ did not have the opportunity to consider this evidence.

Mann contends that we should remand for the immediate payment of benefits. Citing *Harman,* 211 F.3d at 1179, the Commissioner argues that, if this court finds in Mann's favor, the existence of new evidence before the Appeals Council requires that this court remand for a new evidentiary hearing, rather than remanding for the payment of benefits. Under *Harman,* whether remand should be for an immediate award depends on the validity of the ALJ's decision and the clarity with which the record supports a finding of disability. *Id.* at 1178–1180. The test is as follows:

> In *Lester [v. Chater,* 81 F.3d 821 (9th Cir.1995) ], we wrote that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' " We built upon this rule in *Smolen* by positing the following test for determining when evidence should be credited and an immediate award of benefits directed:
>
> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* at 1178 (some internal citations omitted) (second brackets in the original). *See also Moore v. Comm'r,* 278 F.3d 920, 926

---

**2.** The Commissioner belatedly objects to consideration of this evidence. There is, however, no indication that the Commissioner objected to the evidence before the Appeals Council, which considered the new evidence. *See Harman v. Apfel,* 211 F.3d 1172, 1178–1180 (9th Cir.2000) (stating that appellate

court considers additional evidence presented to Appeals Council); *Ramirez v. Shalala,* 8 F.3d 1449, 1452 (9th Cir.1993) ("[W]e consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council.").

(9th Cir.2002). *Harman* found two reasons to remand for further proceedings: (1) the lack of evidence from a VE that the claimant's limitations would preclude work; and (2) critical evidence presented first to the Appeals Council had not been before the ALJ. 211 F.3d at 1180. While evidence presented to the Appeals Council may be considered in determining whether the denial of benefits was supported by substantial evidence, "it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that the Appellant is entitled to benefits as a matter of law." *Id.* Thus, a remand for the immediate payment of benefits would be inappropriate here.

### Conclusion

The ALJ did not have an opportunity to consider the opinion of Dr. Syna. In addition, the effect of McNutt's testimony, particularly in relation to the VE's testimony, is an outstanding issue that must be resolved.

Based on the foregoing, we vacate the judgment of the district court and remand with instructions for it to remand to the Commissioner for the ALJ's reconsideration in light of Dr. Syna's opinion and the McNutt testimony.

VACATED and REMANDED.