**Teresa AERNI,\* surviving spouse of James Aerni, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 03–35948.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2005.\*\*

Decided June 15, 2005.

Kathryn Tassinari, Esq., Robert Baron, Esq., Cram, Harder, Wells & Baron, P.C., Eugene, OR, for Plaintiff—Appellant.

---

\* The motion of surviving spouse Teresa Aerni to substitute herself for James Aerni as plaintiff-appellant is granted.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Portland, OR, Leisa A. Wolf, Joanne Dantonio, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant—Appellee.

Before HUG, TASHIMA, and CLIFTON, Circuit Judges.

## ORDER AND MEMORANDUM**

Surviving spouse Teresa Aerni appeals an order of the district court upholding the denial of her late husband's applications for Social Security disability insurance and supplemental security income benefits. Unpersuaded by Mrs. Aerni's assertions of error, we affirm.

We conclude that the post-hearing letter written by L. Lee McCullough, M.D. does not undermine the substantial evidence supporting the decision denying benefits. *See Ramirez v. Shalala,* 8 F.3d 1449, 1452 (9th Cir.1993). The clinical and diagnostic results described in the letter dated only as far back as February, 2001, and failed to support Dr. McCullough's opinion that Mr. Aerni had been unable to work since October, 1999. In addition, as the district court noted, the letter primarily "offered observations and objective evidence that the ALJ already had considered in his written decision." The sole exception was Dr. McCullough's description of a CT scan obtained in February, 2002, which did not "relate[ ] to the period on or before the date of the [ALJ] hearing" and therefore was not a proper addition to the record. *See* 20 C.F.R. § 404.970(b).

We also view the ALJ's reasons for finding that Mr. Aerni had "limited credibili-

ty"—which reasons included the inconsistencies between Mr. Aerni's testimony and his failure to follow a prescribed course of treatment, his daily activities, and the observations of his treating physicians—as sufficiently clear and convincing. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

Finally, we are not persuaded that the ALJ erred in finding that Mr. Aerni's limitations did not prevent him from performing his past relevant work. As stated above, Dr. McCullough's post-hearing letter, including its statement that Mr. Aerni "has a ten pound lift, push, pull, [and] carry limit," does not undermine the substantial evidence supporting the denial of benefits.

## AFFIRMED.