**Thang Van NGUYEN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Social Security Administration, Defendant—Appellee.**

No. 04–55672.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2006.

Decided March 8, 2006.

472

Alexandra T. Manbeck, Esq., San Diego, CA, for Plaintiff–Appellant.

Shea Lita Bond, Esq., Social Security Administraton Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GOODWIN and FISHER, Circuit Judges.

## MEMORANDUM *

Nguyen appeals the district court's affirmance of the Social Security Commissioner's decision denying his application for Supplemental Security Income benefits. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for the payment of benefits.[1]

## I.

■ The ALJ rejected the opinions of two of Nguyen's treating physicians, Drs. Henderson and Sidrick, as well as the opinions of examining psychiatrist Dr. Zappone and examining psychologist Dr. Lessner.[2] These doctors diagnosed Nguyen with recurrent major depression and post-traumatic stress disorder, concluding that these impairments prohibited him from working. The ALJ instead credited the opinion of the state's examining psychiatrist, Dr. Engelhorn, who reported that he "simply did not see significant psychiatric disability." Substantial evidence does not support Dr. Engelhorn's conclusion; thus the ALJ failed to meet the heightened standard required for rejecting the opinions of Nguyen's treating and examining physicians.

First, Dr. Engelhorn's opinion is entitled to less weight than those of Nguyen's treating and examining physicians because it is conclusory, based on a single examination and is unsupported by independent clinical findings. *See Lester v. Chater,* 81 F.3d 821, 832 (9th Cir.1995); *see also Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992). In finding "no evidence of profound depression or significant levels of anxiety," Dr. Engelhorn relied only on observation, did not "formally test" Nguyen's cognitive abilities and did not review Nguyen's medical reports. Instead, he wrote that Nguyen *"appears* to make an honest presentation" and that his "general fund of information *seems* adequate." (Emphasis added.) Similarly, he concluded that Nguyen's concentration, attention, insight and judgment *"seemed* adequate" and "intact." (Emphasis added.)

Second, Dr. Engelhorn's opinion was inconsistent with the opinion of Dr. Ponsiglione, an internal medicine doctor who performed a consultative physical examination of Nguyen at the state's request. Although Dr. Engelhorn reported that Ngu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we recite them only as necessary to our decision.

2. We need not decide whether Dr. Zappone was Nguyen's treating physician because even if Dr. Zappone was an examining physician, the ALJ's decision to reject his opinion was in error.

yen's disabilities "appear[ed] to be mostly related to a variety of *physical problems,*" Dr. Ponsiglione wrote that "most of [Nguyen's] complaints appear to be related to *anxiety and depression disorder.*" (Emphasis added.)

Third, Dr. Engelhorn's conclusion that Nguyen is "fully capable of taking care of all of his basic needs" misstates the information Nguyen provided in his daily activities questionnaires. These questionnaires consistently state that Nguyen is able to take care "only" of his "personal hygiene," that his family helps him with "daily needs," that he does not cook or shop and that he depends on his family to complete household chores.

Fourth, the ALJ erred in rejecting Dr. Sidrick's opinion because she based her assessment of Nguyen's limitations in part upon his mental condition even though Dr. Sidrick is not a psychiatrist. *See Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987). As a treating general physician, Dr. Sidrick is qualified to give her medical opinion as to Nguyen's mental state as it relates to his inability to work, and the ALJ may not discredit her opinion on the ground that she is not a board certified psychiatrist. *Id.* Rather, Dr. Sidrick's opinion as to the combined impact of Nguyen's limitations—both physical and mental—is entitled to special weight. *Lester,* 81 F.3d at 833; *see also* 20 C.F.R. § 404.1527(d)(2) (stating that treating phy-

sicians bring a "unique perspective to the medical evidence").

Finally, Nguyen's physicians issued their reports two years after Dr. Engelhorn's assessment and therefore provided a more recent evaluation of Nguyen's mental impairments. In addition, as treating physicians who had a relationship with Nguyen for at least two years, Drs. Henderson and Sidrick based their opinions on a more complete evaluation of Nguyen's mental impairments (and in the case of Dr. Sidrick, the combined impact of *all* of Nguyen's impairments).[3] Accordingly, the ALJ should have accorded these opinions greater weight than that of Dr. Engelhorn. *See Lester,* 81 F.3d at 833.

In sum, the ALJ did not offer specific and legitimate reasons for why he credited the opinion of Dr. Engelhorn over the opinions of Nguyen's treating and examining doctors. Indeed, that all of Nguyen's doctors agree on the severity of his mental impairment "provides no basis for rejecting [the doctors'] opinion[s]. If anything, the similarity of their conclusions provides reason to credit their opinions." *Lester,* 81 F.3d at 832.[4] We therefore credit the opinions of Nguyen's treating and examining physicians as a matter of law. *See Lester,* 81 F.3d at 834.

## II.

■ Nguyen's personal history and the assessments of his treating and examining

**3.** To the extent the ALJ disregarded Dr. Henderson's report because the treating source note was "illegible," the ALJ relied on ambiguous evidence and thus failed to discharge his duty to "conduct an appropriate inquiry." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001). If the ALJ thought it necessary to know what Dr. Henderson's note said in order to evaluate that evidence, he had a duty to develop the record further. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996).

**4.** Although the medical expert suggested (and the ALJ agreed) that some of Nguyen's doctors were misrepresenting Nguyen's condition or were not qualified to evaluate it, the ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Ratto v. Secretary,* 839 F.Supp. 1415, 1426 (D.Or.1993). While the Commissioner "may introduce evidence of actual improprieties," no such evidence exists here. *Id.*

physicians demonstrate that he suffers from a severe mental impairment. *See* S.S.R. No. 96–3P (1996). Because the ALJ erred in finding Nguyen's mental impairments nonsevere, he also erred in finding that Nguyen's combined impairments did not meet or equal the listing for affective disorders or anxiety-related disorders under the Listing of Impairments. 20 C.F.R. § 404.1520(d). Crediting the opinions of Nguyen's doctors, it is clear that he meets the requirements under these listings and is therefore disabled within the meaning of the Social Security Act.[5]

### III.

Because the opinions of Nguyen's treating and examining physicians require that Nguyen be found disabled, the record establishes that Nguyen is entitled to benefits. Thus, we need not reach any further issues and remand for further proceedings is unnecessary. *See Ramirez v. Shalala,* 8 F.3d 1449, 1455 (9th Cir.1993). The judgment of the district court is reversed and we remand for the payment of benefits.

**REVERSED and REMANDED.**

---

[5]. Specifically, Nguyen has demonstrated at least the following from Listing 12.04(A): (a) pervasive loss of interest in almost all activities, (b) appetite disturbance with change in weight, (c) sleep disturbance, (d) psychomotor agitation or retardation, (g) difficulty concentrating or thinking. Nguyen has also demonstrated the following functional restrictions based on his combined impairments: (1) marked restriction in activities of daily living, (2) marked difficulties in maintaining social functioning and (3) deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere).

