Robin L. TYLER, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 07–16176.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Dec. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**332**

Ian M. Sammis, Esq., San Rafael, CA, for Plaintiff–Appellant.

Jacqueline A. Forslund, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL, T.G. NELSON and THOMAS, Circuit Judges.

### MEMORANDUM **

Robin Tyler applied for Social Security Disability Insurance on the basis of physical impairments to her neck, shoulders, arms, and hands, as well as depression. The administrative law judge ("ALJ") denied benefits. We review the district court's grant of summary judgment de novo and uphold the Commissioner's decision if it is supported by substantial evidence and applies the correct legal standard. *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1011 (9th Cir.2003). We affirm the district court's grant of summary judgment for Astrue. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

### I

█ The district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand. The law of the case doctrine does not apply because the Appeals Council remanded to the ALJ to make further findings; it did not decide any issues of fact or law itself. Additional-

ly, federal courts only have jurisdiction to review the final decisions of administrative agencies. *See* 42 U.S.C. § 405(g). When the Appeals Council denied review of the ALJ's second decision, it made that decision final, *Ramirez v. Shalala,* 8 F.3d 1449, 1451 (9th Cir.1993), and declined to find that the ALJ had not complied with its remand instructions.

### II

█ The ALJ did not err by discounting Tyler's subjective reports of pain. A claimant must submit "objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain." *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986). Once a claimant meets the Cotton test, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so," unless there is evidence of malingering. *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). Substantial evidence in the record supports the ALJ's conclusion.

### III

█ The ALJ's determination that Tyler's mental impairment was not severe adhered to the guidelines set out in 20 C.F.R. § 404.1520a. The ALJ employed the specific language required by § 404.1520a and supported his findings with substantial evidence from the record. Thus, the ALJ did not err when he found that Tyler's mental impairments were not severe.

### IV

█ Tyler's concern that the ALJ's discussion of Tyler's husband's testimony was

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

limited to his testimony in the second administrative hearing is misplaced. Tyler's husband had a full opportunity during the second hearing to testify about Tyler's mental and physical impairments and the ALJ did not discredit his testimony.

V

■ Finally, the employment hypothetical the ALJ provided the vocational expert accurately captured Tyler's impairments. An ALJ may omit limitations from a hypothetical that he does not find credible as long as he has made specific findings to that effect. *Light v. SSA,* 119 F.3d 789, 793 (9th Cir.1997). The ALJ previously made findings discounting Tyler's pain reports and so was justified in omitting them from the hypothetical. Although the ALJ placed Tyler in the "light level of exertion" category, he modified the category so that Tyler was limited to lifting "no more than five pounds." This modification put the hypothetical with the scope of the most generous of medical assessments of Tyler's lifting ability. The vocational expert specifically eroded his job estimates to account for the lifting modification. Additionally, the ALJ further modified the hypothetical to account for Tyler's pain. Thus, the ALJ did not err.

In sum, the district court properly granted summary judgment.

**AFFIRMED.**