**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDA TAYLOR,

                Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant - Appellee.

No. 08-15680

D.C. No. 1:06-CV-00957-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District

Judge.[**]

Appellant Linda Taylor ("Taylor") appeals the district court's summary

judgment in favor of the Commissioner of Social Security ("Commissioner").  The

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

district court affirmed the decision of the Administrative Law Judge ("ALJ") denying Taylor Disabled Widow's Insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. The ALJ concluded, on the basis of step five in the five-step sequential analysis in 20 C.F.R. §404.1520(a)-(g), that Taylor was not "disabled" within the meaning of the Act, 42 U.S.C. § 1382c(3), because she retained "the capacity for work that exists in significant numbers in the regional economy."

Taylor contends on appeal that the ALJ erred by rejecting the opinion of her evaluating psychologist. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's decision affirming the ALJ, and we reverse and remand for an award of benefits.

The ALJ disregarded the opinion of Dr. Leslie Lessenger— who conducted a consultative psychological examination of Taylor— and instead relied on the contradictory opinions of non-treating, non-examining physicians Dr. Glenn Ikawa and Dr. Evangeline Murillo. To disregard the uncontradicted opinion of an examining physician or treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted by another doctor, as here, an examining or a treating physician's

2

conclusions may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 830-31.

The ALJ failed to offer "specific and legitimate reasons" for crediting Drs. Ikawa and Murillo, non-treating, non-examining doctors, over Dr. Lessenger, an examining doctor. *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995). Dr. Lessenger opined that Taylor had the following non-exertional limitations– her concentration was negatively affected by her emotional distress and physical condition; she was unlikely to function in a work situation where demands were made upon her; she would not do well interacting with others; and she was limited in her ability to deal with changes in a routine work setting due to her emotional instability. Drs. Ikawa and Murillo, upon review of Taylor's medical file, concluded that Taylor–was capable of relating to peers and supervisors, but should avoid the general public; was capable of adapting to work-like settings and routine changes in the work place; and was capable of maintaining attention, concentration, persistence, and pace. The ALJ concluded Taylor had a mental residual functional capacity that closely reflected the opinions expressed in Drs. Ikawa's and Murillo's assessment. However, the ALJ's conclusions differed from the opinion expressed by Dr. Lessenger and the ALJ offered no reasons why Dr. Lessenger's opinion was not credited. We conclude that the ALJ erred by

according greater weight to the opinions of non-examining, non-treating physicians, than to the opinion of Taylor's examining physician without providing "specific" and "legitimate" reasons supported by "substantial evidence in the record" for doing so. *See Lester*, 81 F.3d at 830-31. As such, we credit Dr. Lessenger's opinion "as a matter of law." *Id.* at 834.

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). "Where the record is complete, however, we award benefits to the claimant." *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993). We conclude that remand for an award of benefits is appropriate because, once Dr. Lessenger's opinion is credited, "there are no outstanding issues that must be resolved before a determination of disability can be made." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Had the ALJ properly credited Dr. Lessenger's opinion, Taylor would have been entitled to benefits as a matter of law. The vocational expert testified that a person of Taylor's age, education, and work experience, in addition to the non-exertional limitations outlined by Dr. Lessenger, would not be able to perform other work in the national economy.

4

Accordingly, we reverse the judgment of the district court and remand with instructions to remand the case to the ALJ for an award of benefits.***

**REVERSED and REMANDED.**

---

 ***   Due to our disposition in this case, we need not reach Taylor's alternative argument that the ALJ erred in assessing Taylor's physical residual functional capacity.



FILED

JUL 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Taylor v. Astrue*, Case No. 08-15680
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.