**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RILICIA I. LEVERENZ,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 14-17402

D.C. No. 2:13-cv-01468-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted January 11, 2017[**]
San Francisco, California

Before:  CLIFTON and M. SMITH, Circuit Judges, and ERICKSON,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ralph R. Erickson, United States District Judge for the
District of North Dakota, sitting by designation.

Rilicia I. Leverenz ("Leverenz") appeals from the judgment of the district court upholding the final decision of the Commissioner of Social Security ("Commissioner"), following an evidentiary hearing by an Administrative Law Judge ("ALJ"), that she was not disabled and thus not entitled to disability insurance benefits. The ALJ found that while Leverenz had severe impairments, including sacroiliac joint dysfunction, lumbar radiculopathy, lumbar neuropathic pain, peripheral neuropathy, obesity, recurrent major depression, and migraine headaches, she retained residual functional capacity ("RFC") to perform light work with some function-by-function limitations and she was capable of performing her past relevant work as a housekeeper. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's judgment *de novo*. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993)). The Commissioner's decision is properly affirmed "if it is supported by substantial evidence and based on the application of correct legal standards." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews*, 53 F.3d at 1039). "[W]e review the

2

administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). If the evidence supports "'more than one rational interpretation,' we must uphold the Commissioner's decision." *Id.* (quoting *Andrews*, 53 F.3d at 1039-40). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

The ALJ set forth clear and convincing reasons for disregarding reported medical symptoms alleged to be causally related to the determinable severe impairments. *Thomas v. Barnhart*, 278 F.3d 947, 957-60 (9th Cir. 2002). The ALJ also gave careful consideration to the credibility of the reports of the severity of symptoms before correctly concluding that the reported symptoms were not substantiated by objective medical evidence. The ALJ properly weighed Leverenz's testimony along with the appropriate medical evidence, including the observations of Dr. Shepard, a consultative examining physician who concluded that Leverenz's actual physical functioning was inconsistent with her complaints.

The ALJ properly excluded migraine headaches from complainant's RFC determination because the record did not support her claims regarding their severity, and her daily activities were inconsistent with Leverenz's claimed

symptoms. *Id.* at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999)) ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."); *see also Bray v. Comm'r of Soc. Sec. Admin,* 554 F.3d 1219, 1227 (9th Cir. 2009) (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Any error committed by the ALJ in failing to specifically address the observations of Leverenz's husband was harmless because that testimony was nearly identical to Leverenz's own testimony. *Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012) (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011) ("[A]n ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'")) .

Substantial evidence supported the ALJ's decision to reject the opinion of treating physician Dr. Womack because the medical source statement was on a standard form check-off report that failed to provide "any clinical findings or narrative to support the limitations assessed." The ALJ also properly considered

4

that more than a year had passed since Dr. Womack last treated Leverenz. Dr. Womack's opinion was then weighed against the opinions of two other physicians that were based on objective clinical findings made following personal examination of Leverenz, as well as the opinion of the doctor who prepared a functional assessment citing to specific evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194-95 (9th Cir. 2004) (holding that the ALJ did not err in giving minimal weight to the views of treating physicians whose opinions were conclusory, in the form of a check list, lacked substantive medical findings, and conflicted with the "results of a consultative medical evaluation"); *Thomas,* 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

We decline Leverenz's invitation to address the credit-as-true rule described in *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Because the ALJ properly denied claimant's application for benefits, there is no reason to consider remand.

**AFFIRMED.**