Debra A. **BOGGS,** Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART,** Defendant—Appellee.

No. 04–35546.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Filed March 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Elie Halpern & Associates, PS, Olympia, WA, for Plaintiff–Appellant.

Victoria Blais Chhagan, Esq., Liva Jamala Edwards, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Debra Boggs appeals from the district court's order affirming the Administrative

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Law Judge's decision to deny her social security benefits. We affirm.

■ The ALJ gave specific and legitimate reasons for rejecting the opinions of Drs. Redman and Smith that Boggs could not work in any capacity. In addition to noting Boggs' enjoyment of recreational activities that were inconsistent with a disability, the ALJ found that Dr. Redman's own records contradicted his opinion. For instance, at various points in his treatment of Boggs, Dr. Redman noted that she seemed "fairly stable in life," that her tremor was not worsening and was limited to her hands, that her depression was "doing fairly well" and that he had given her "pretty good relief" from her back pain.[1]

■ Likewise, the ALJ found that Dr. Smith's opinion was contrary to the other opinions in the record and contained "fairly benign findings." For instance, Dr. Smith noted that Boggs had an average intellect, that the content and speed of her speech were normal, that her "mood and affect were congruent," that she could demonstrate abstract thought and that she did not exhibit any "bizarre" or "paranoid" thinking during the examination. The record also reflects the following: (i) Dr. Suh opined that Boggs would have only "mild limitations with respect to her ability to withstand the stress and pressures associated with day to day work activities," (ii) Dr. Hyde concluded that Boggs had no severe limitations and (iii) Drs. Coor and Lush noted no limitations that would prevent Boggs from working altogether. Given that evidence, it was also proper for the

ALJ to consider how Boggs handled the stress of testifying at the hearing. *See Fair v. Bowen,* 885 F.2d 597, 602 (9th Cir.1989) (ALJ may not rely on her own observations of claimant as *sole* reason for rejecting diagnosis).[2]

■ The ALJ also gave clear and convincing reasons for finding Boggs' testimony not entirely credible. It was reasonable for the ALJ to conclude that Boggs' recreational activities were inconsistent with her testimony that her health prevented her from working and that Boggs was not forthcoming with Dr. Redman in discussing her prior drug abuse. Moreover, although Boggs argues that she voluntarily agreed to stop taking Soma, that was only *after* she told Dr. Redman that Dr. Coor recommended the drug (when in fact Dr. Coor had refused to prescribe it) and later, that she had lost her prescription for Soma, which made Dr. Redman "uncomfortable."

■ Dr. Hirschler's opinion that Boggs' tremor "severely limit[ed] her agility" is reflected in the ALJ's determination that Boggs could not work at a job "that require[d] her head and hands to be held in a steady position" and that she was limited to "simple and routine tasks." In any event, Dr. Hirschler conceded that she could perform light work (consistent with the ALJ's determination of residual functional capacity), and did not rule out Boggs returning to work in *any* capacity.

■ Finally, the medical evidence that Boggs submitted for the first time to the

1. The ALJ erred in concluding that Boggs' attorney requested Dr. Redman's opinion, but because there is other substantial evidence in the record supporting the ALJ's treatment of his opinion, the error was harmless.

2. Because the ALJ properly considered Dr. Smith's opinion, we find no merit in Boggs' argument that the ALJ failed to address the

severity of her depression, anxiety and personality disorder, which were all part of Dr. Smith's diagnosis. Nor was the ALJ's determination of residual functional capacity deficient because it excluded Boggs' back pain. Dr. Redman was the one treating her for that condition, but his opinion was also properly rejected by the ALJ.

Appeals Council does not warrant a new hearing, because it is cumulative and poses no "reasonable probability of changing the outcome of the ALJ's decision." *Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir. 2001).[3] In particular, Dr. Smith's diagnosis in March 2003 is largely consistent with her original diagnosis—both said that Boggs suffered from depression, personality disorder, drug abuse in full remission, essential tremor and chronic back pain. Dr. Smith's second diagnosis did include social phobia, somatization and PTSD.[4] The clinical observations that support that diagnosis, however, are sufficiently similar to those that Dr. Smith made during her first examination for us to conclude that her second opinion would not have changed the ALJ's mind. While Dr. Smith went on to describe in detail the difficulties that Boggs would experience if she returned to work, such difficulties were adequately accounted for in the ALJ's hypothetical.[5]

**AFFIRMED.**

---

3. Contrary to the Commissioner's argument, we need not decide whether there was good cause for Boggs' late submission of evidence. Section 405(g) deals with review of an ALJ's decision by the district court—*not* by the Appeals Council—and the "good cause" requirement therein specifically addresses the failure to "incorporate [new] evidence into the record *in a prior proceeding.*" The Appeals Council's review in this case was a "prior proceeding," and pursuant to *Ramirez v. Shalala,* 8 F.3d 1449 (9th Cir.1993), Boggs' additional evidence became part of the administrative record *before* this case reached federal court. Thus, we may consider it.

4. We note that Dr. Smith's original diagnosis included generalized anxiety disorder, but that was omitted from her second diagnosis.

5. The opinions of Drs. Dueber, Swanson and McRae all reflect Dr. Smith's assessment of Boggs' mental health, and thus they are cumulative of the evidence that was already before the ALJ.

