**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL E. HEIDE, | No. 08-36006 |
| Plaintiffs - Appellant, | D.C. No. 1:07-cv-00629-CL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, United States Magistrate Judge, Presiding

Argued and Submitted December 11, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Randall Heide alleges disability based on hepatitis, chemical sensitivity,

depression, anxiety, degenerative disk disease, status-post bilateral knee surgeries,

somatoform disorder, and a shoulder injury. Heide appeared at a hearing before

the ALJ on February 9, 2006 and was denied benefits. He appeals the district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court's affirmation of the ALJ's decision.

The ALJ found Heide's pain testimony not credible. The ALJ can only do so if he makes specific findings stating clear and convincing reasons for doing so. *Id.* at 1036. The ALJ first permissibly looked to the lack of medical evidence as a factor in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ also appropriately cited Heide's history of exaggeration and his daily activities.

An ALJ properly rejects the opinion of a treating or examining doctor if it is contradicted by another doctor's opinion by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ did not address Dr. Garner's letter – however, that evidence was neither "significant nor probative" and there was substantial evidence to the contrary. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Heide's onset date was seven years after the letter was written and there was a wealth of evidence regarding Heide's medical conditions, including conflicting evidence after the onset date. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Heide submitted a letter written by Dr. Kaye to the Appeals Council as additional evidence. In these instances, this Court reviews de novo "both the

2

ALJ's decision and the additional material submitted to the Appeals Council." *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). Dr. Kaye's opinion on Heide's physical pain was contradicted by other medical opinions and Heide's daily activities. The ALJ rejected Dr. Kaye's conclusion about Heide's mental condition, finding that the condition was related to his heavy marijuana use. The ALJ properly rejected Dr. Berman's opinion because it was contradicted by numerous other medical records. Dr. Morgan's original opinion could also properly be rejected. The ALJ cited Dr. Morgan's reliance on Heide's subjective complaints, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)*,* a lack of objective evidence to support the claims, the fact that Dr. Morgan only examined Heide once and did not conduct any of his own tests, and Heide's own contradictory personal activities including his trip to other states. Dr. Morgan's letter to the Appeals Council is evaluated under the same standard as his opinion. *See Ramirez*, 8 F.3d at 1452. All of the ALJ's reasons for discounting Dr. Morgan's opinion also apply to his letter.

Heide alleges that the ALJ should have ordered tests in regards to Heide's chemical sensitivity. An ALJ's duty to develop the record is only triggered if there is ambiguous evidence or the ALJ finds that the record is inadequate for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150. The ALJ properly

3

found that the evidence was not ambiguous. The ALJ pointed to numerous hospital records that indicated that Heide's condition, asthma and chronic obstructive pulmonary disease, was controlled with inhalers and only mildly exacerbated by exposure to chemicals and also pointed to Heide's contradictory personal activities.

The ALJ's statement that Heide did not receive or seek any additional treatment from a physician is incorrect, but harmless. The relevant inquiry is "whether the ALJ's decision remains legally valid." *Carmickle*, 533 F.3d at 1162. His findings are based on the objective medical evidence, Heide's history of exaggerating his pain and symptoms, and Heide's daily activities. The decision is still valid.

Heide alleges that the ALJ improperly discounted the lay witness testimony of his mother. While the ALJ erred in his rejection of the evidence based on Heide's mother's lack of medical or vocational expertise and a lack of supporting medical evidence, this is reviewed for harmless error To discount a lay witness' testimony an ALJ "must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). The ALJ properly rejected the testimony because of Heide's extensive daily activities. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

4

The ALJ's reliance on other erroneous reasons was harmless.

The ALJ properly relied on the vocational expert's testimony that Heide could perform several jobs, including file clerk.  *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).  The vocational expert found that the requirements for the job would match Heide's abilities as reflected in his college degree.

The ALJ's hypothetical was supported by substantial evidence.  We do not address Heide's untimely arguments with respect to Drs. Rotter, Anderson, and McNabb, as we "review [] only issues which are argued specifically and distinctly in a party's opening brief."  *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

AFFIRMED.